ALBANY,
August, 1810.

WATSON
v.
FULLER.

## WATSON *against* FULLER.

RUGGLES, for the defendant, moved to set aside the execution issued in this cause. He read the affidavit of the defendant, which stated that in *August*, 1807, the plaintiff recovered a judgment, in an action of *assumpsit*, against the defendant, in this court, for 106 dollars and 97 cents; that in the year 1808, the plaintiff, by order of the defendant, delivered to *W. I.* a quantity of logs, of the value of 31 dollars; and on the 27th of *April*, 1809, the plaintiff drew an order on the defendant, requesting him to pay to *L. P.* the balance due to the plaintiff, on which order the defendant paid the sum of 80 dollars, of which payment the plaintiff had notice. During the vacation, subsequent to the last *February* term, the plaintiff issued an execution, for the amount of the judgment, which was levied by the sheriff, on the

Where execution is issued in any action, (except in debt for a penalty,) the plaintiff cannot levy the interest which has accrued since the judgment; but only the amount of the judgment.

ALBANY,
August, 1810.

WATSON
v.
FULLER.

property of the defendant; the sheriff being directed to levy a balance of 60 dollars.

There appeared to be some difference between the parties, about the logs delivered. The plaintiff calculated the *interest* on the amount of the judgment, and after deducting the money paid, directed the sheriff to levy the balance.

It was agreed, that if none of the payments were applied to the *interest*, the judgment was fully satisfied ; and the only question was, whether the *interest* could be collected on the execution, in such a case.

*Thompson*, contra, contended, that where execution is delayed, and *partial payments are made by the defendant*, the plaintiff may apply the payments to the interest, and direct the sheriff to levy the balance on the execution. He said, that he understood this to be the general practice.

KENT, Ch. J. This is a motion to set aside the execution, on the ground of its being satisfied. There is no doubt but that the nominal amount of the judgment and execution has been paid. The plaintiff contends for the right to collect *interest*, under the *fi. fa.* accruing since the completion of the judgment. But this can only be done, when the debt carries interest, and is covered by a penalty, and the judgment is rendered for the penalty. It is an abuse of the process of the court, to make use of the execution to enforce the payment of interest accruing subsequent to the judgment. This is acting without authority. The execution must follow the judgment, and can only be commensurate with it. To levy interest, in the given case, is to levy more under the judgment than it authorizes. "Upon a judgment at law," as Lord *Loughborough* admitted, (2 *Vezey*, jun. 162.) " no interest subsequent to the judgment can be received. You may bring a fresh action for it, as a new cause of suit; but

you cannot levy for it, nor charge the land under the *elegit*, with the intermediate interest from the date of the judgment." And in another case, Lord *Hardwicke* said, that " at law, where there is no penalty, no interest is given; where there is a penalty, you may levy the whole. If you bring an action of debt, interest may be recovered by that new action." (2 *Vez.* jun. 167.) The practice contended for by the plaintiff, if there be any such, must have grown up within a few years, for I believe there is no trace of it in the *English* books, and I never heard of it until now. The strong objection to the practice is, that it is allowing the party to carve for himself, and to collect, under the coercion of process, more than was authorized, or intended by the judgment of the court. It is liable to infinite abuse. The party may demand compound interest; or he may include other debts under the execution, and equally call that equity. But though a demand be ever so just, a party ought not to be permitted to *coerce* payment, without the sanction of judicial authority. There is one plain principle which governs this case, and that is, that the party must not mask and collect, under an execution, any more than was awarded by the judgment; and interest subsequent to the judgment was not awarded by the court. The case of *Lansing* v. *Rattoone*, (*ante*, 43.) decided at the last term, contains the same principle. The motion ought, therefore, to be granted.

THOMPSON, J. SPENCER, J. and YATES, J. concurred.

VAN NESS, J. dissented. He said, that where a judgment is reduced by partial payments, and the plaintiff orders less than the face of the judgment to be collected, he may well collect the interest; the judgment, in such a case, being to be considered in the nature of a penalty.

Rule granted.