The opinion of the Court was delivered by.
Cheves, J.
First, as to the tender, it is clear, according to the English practice,[1] that a tender must be made before the commencement of the action; and the practice of this Court, I believe, to be the same. A tender seems to be sometimes confounded with the practice of paying money into Court, under what is called the common rule. It is said, this practice has not prevailed with us ; but this is a mistake. I have known it to be done, and I take it to be as clearly the practice of our Courts as that of the Courts of Westminster Hall, though, from temporary causes, it may not be so frequent. It is too equitable and useful a practice not tobe adhered to. According to the English practice, the defendant is entitled to pay money into Court, as a matter of course, before plea pleaded, and now, even after plea pleaded, it is perpetually done by obtaining a judge’s order for that purpose ; and it is correctly said, no inconvenience ensues to either party from this practice ; because, if any expense has been incurred, that is ordered to be paid at the time of obtaining the rule.[2] And this tends to the furtherance of justice ; for if the defendant pays into Court what is really due, the plaintiff ought in jus *146 tice to take it. 1 Sellon’s Practice, 278. It is said, however, that in those actions of debt wherein the plaintiff cannot recover less than the sum demanded, as on a record, (which is the present case,) the defendant cannot bring the money into Court, which does seem to be the English practice y but in that case, he may move to stay proceedings on payment of the whole debt and costs. 1 Tidd’s Practice, 483, 562. By whole debt, is clearly meant the payment of so much, as with previous payments, amounts to the whole debt. Thus, in every case the payment of sum actually ^ue> with costs and expenses previously* incurred, will, in one shape or other, protect a defendant from further costs. In the present case, the Court has not looked into the forms of ¡oractice as they may stand between the parties in the case; because it has been desired to consider them in such state as shall embrace the real facts and merits of the case. Then, in this case, if the payment of the balance due on the original judgment, without interest, and with costs and expenses to the time of tender, would have precluded the recovery of interest by way of damages, the verdict must stand'; if not, a new trial must be granted.
Was the plaintiff, then, under these circumstances, entitled to interest by way of damages ? The general rule is clear that interest is recoverable by way of damages on a judgment for a detention of the debt. This was determined at Columbia, April, 1806, in the case of Lambkin v. Nance, [2 Brevard’s Reports, 99.][1] All the judges were present, and the Court unanimous. Since that time, I believe the pi’actice has been uniform and undisputed. But in this ease, it is supposed the general rule does not apply, because, as I understand the argument, the interest by way of damages is only recoverable as an incident of the judgment; that payment of the principal is an extinguishment of the judgment, and that there cannot be a recovery of the incident without the principal. Now if the latter proposition be not true, the two preceding propositions may be admitted, and the plaintiff may nevertheless be entitled to recover. But in the nature of things, when the principal and incident are both due, and when the incident is as much a matter of substance as the principal itself, why should the satisfaction of the principal destroy the incident ? Because it grew out of the principal, it does not follow, that it may not have a more extended duration. Though it be called an incident, it is another name for the fruit of the principal; Domat, (1 vol. book 3, tit. 5, p. 386,) couples interest, damages and restitution of fruits under the same head. The nature of these, and the distinctions as far as any exist between them, he points out, and the first result *he draws, (ibid, 396,) is that interest “is the reparation of damages which is due from debtors who owe sums of money, and who fail in the payment thereof. ” Two things result, that these damages are in the nature of fruits, and that they are legally demandable. Now can there be such an absurdity in the law, a matured system of reason, as that the right, not merely the particular remedy, shall be wholly extinguished by paying a part, and under some circumstances, a small part ? The law is sometimes harsh in its particular results, but it never produces nor tolerates a general or naked absurdity. Yet such, I think, would be the rule con *147 tended for. The interest due on a promissory note, where there is no stipulation for interest on its face, is an incident; yet it will not be pretended that, though the principal be extinguished, the right to recover the interest in an action on a note, in the pleadings in which there is not a word said on the subject of interest, is not recoverable. Again, though the principal debt in any action be paid, it will not be denied that the action may in some way be made subservient to the recovery of the cost incurred before payment of the principal. These cases are enough to show that lights are not of such a destructible nature as contended, and that forms are generally moulded to subserve rights, and not rights destroyed by a subserviency to forms. The result, I think, ought to be, that where principal and interest are equally due, the payment of the principal will not destry the right to the interest. (Vide 6 John. Rep. 283, 285. 2 Ves. Jun. 162 ) That interest is due before the principal is paid, is not denied, and that the payment of the principal cannot extinguish, in any just or rational sense, both principal and interest, will scarcely be alleged. The right to interest, both in a legal and moral sense, is finely and clearly set forth by Domat, under the title already referred to.
But this point seems to have been expressly determined in this Court, in the case of Hamilton v. Tiddy, in 1809. In that case (MS ) the defendant had given his ^promissory notes for the amount of the principal of the original judgment, after the action was commenced ; and these the plaintiff accepted as a payment of the principal, and persisted in his action for the recovery of interest only. The jury gave a verdict for the interest only. A motion was made for a new trial. One of the grounds was in the following words : “ Because the verdict for the plaintiff is a palpable absurdity, inasmuch as the verdict is for interest upon a judgment, which it was admitted by the plaintiff’s counsel would be discharged when two of the promissory notes should be paid, (notes which had been given for the principal,) which, at the time of the trial, were not due.” Yet, all the judges being present, the Court unanimously refused the motion. This case certainly decided the point before us, and I think very correctly.
I am, therefore, of opinion a new trial ought to be granted.
Grimke and Nora, JJ., concurred.

 Ante. 82, 195.

 94th. Rule of Court, 2 Ricb. 64; 2 Bail. 28.

 5 Rich. 247; 1 Hill, 79; 2 N. & McC. 395; 2 Hill, 352; 3 Rich. 376; 2 Strob. 114; 4 McC. 212; 1 McC. 328, 504. Act of 1856, 12 Stat. 532.