ABEL GUY, Respondent, v. EDWARD FRANKLIN, and others,
Appellants.

The usual and best method of proceeding in cases of foreclosure, is to appoint a
Master to find and report the amount due, and these exceptions may be filed to
the report upon which the judgment of the Chancellor is given, and this may
afterward be assigned as error.

It is no error for the Chancellor to make the calculations himself; but when he
has done so, a mistake in calculation must be brought to his notice, in some
form analogous to that of an exception to a Master's report.

A mistake in the computation of interest, or taxation of costs, cannot be attacked
for the first time in an appellate Court. The party complaining must move in
the Court below to correct the computation, or retax the costs, and thus ob-
tain the judgment of the Court of original jurisdiction, upon the disputed
items, before resort can be had to a higher tribunal.

In entering a judgment, the correct rule is to add the interest due on the notes
up to the time of the judgment, to the principal, and enter the judgment for
the gross amount, and such judgment is then to bear the same interest as the
notes, until paid.

The theory of the law is not that the party recovers the particular note or chose
in action, as is commonly imagined, but that he recovers damages for the non-
performance of the contract; and in case of failure to pay money due, the
true measure of damages is the amount of money owing and the interest
which was agreed upon.

APPEAL from the District Court of the Twelfth Judicial District,
San Francisco County.

The facts material to the points decided appear in the opinion of
the Court.

*E. L. B. Brooks* and *Sanders, Howard & Perley*, for Appellant.
Cited no authorities.

*Saunders & Hepburn, Haights & Gary*, and *G. B. Tingley*, for
Respondent.

Cited, Clense v. Hunter, 2 Vesey, 168.  1 Peere Wm.'s, 453, 480.
2 Burrows, 1096, 1081.  Henry v. Ward, 4 Pike, 150.  Mason v.
Eakle, Breese, 52.  Tindall v. Meyker, 1 Scam., 261.  Wormwag v.
Brown, 3 Blackf., 458.

HEYDENFELDT, J., delivered the opinion of the Court.  MURRAY, C. J.,
concurred.

The first assignment of error rests upon the averment, that there was an excess in the judgment, by the calculation of interest and costs. This error, if it exists, cannot be attacked for the first time in an appellate Court. It should have been brought to the notice of the Court below, by motion to correct, or otherwise. The usual and best method of proceeding, in cases of foreclosure, is to appoint a master, to find and report the amount due, and then exceptions may be filed to the report, upon which the judgment of the Chancellor is given; and this may afterward be assigned as error. It is no error, however, for the Chancellor to make the calculations himself; but when he has done so, a mistake in calculation must be brought to his notice in some form analogous to that of an exception to a master's report. This will enable him to correct a mistake, if he has made one, or if the controversy turns upon a question of legal right, it will enable it to be clearly presented upon appeal.

The same rule must hold in regard to the taxation of costs. The party complaining must move, in the District Court, to retax, and thus obtain, distinctly, the judgment of the Court of original jurisdiction, upon the disputed items, before resort can be had to a higher tribunal.

The next assignment is, that the interest due on the notes up to the time of judgment, was added to the principal, to constitute the judgment, and interest then at the agreed rate given to run on the whole judgment, until paid; thus, as it is complained, compounding the interest.

Such is unquestionably the correct rule of proceeding. The theory of the law is not that the party recovers the particular note or chose in action, as is commonly imagined, but that he recovers damages for the non-performance of the contract, and in cases of failure to pay money due, it has always been held that the true measure of damages was the amount of money owing and the interest which was agreed upon. Thus, the judgment being ascertained, the statute steps in and regulates whether it shall bear interest, and at what rate. See Kohler v. Smith, 2 Cal., 597.

The other points relied upon do not call for a separate consideration.

Judgment affirmed.