Raun *v.* Reynolds.

---

## RAUN *v.* REYNOLDS *et al.*

The act to regulate interest on money is in derogation of the common law, and must be strictly construed.

Apply this rule of construction to the language of the second section of the act, and it will confine its provisions to contracts, *fixing the rate of interest.*

According to the common acceptation, the expression, "rate of interest," has reference to the percentage or amount of interest, and not to the manner of computing. The provision of the statute which authorizes judgments to bear the same interest as the contracts on which they are recovered, was intended to be confined to contracts fixing the rate of interest.

In a foreclosure suit, where judgment is taken by default, the decree can give no relief beyond that which is demanded in the bill.

Raun *v.* Reynolds.

Where proceedings in a foreclosure suit were delayed by agreement, in consideration of the execution of a second mortgage on other property in which third parties joined as additional security, and subsequently plaintiff filed a supplemental bill, setting up the second mortgage, and asking a sale of the premises described in both mortgages, judgment was taken by default for the debt, and the court decreed a foreclosure of the several mortgages and a sale of the property conveyed, and directed that the property described in the mortgage executed by Reynolds should be first offered for sale ; but that no bid should be received for a less sum than the full amount of judgment and costs.   If this sum was not bid, then the whole property included in the two mortgages—from Reynolds and from Kirk and Reynolds—was to be sold together :  *Held,* that the decree is erroneous.

The well established rules of equity proceedings require, in such cases, not only that the property should be sold in parcels, but that the property included in the first mortgage should be exhausted, before recourse is had to the second.

A party entitled to redeem has a right to have ascertained the price at which his interest was sold, in order that he may redeem.

*John Hume* for Appellant.

The above named defendants, appellants herein, assign for error in said cause—

1. That judgment is so rendered that interest is compounded on the judgment.

2. That the judgment is contingent and uncertain.

3. That the portion of the judgment which directs the manner of the sale of the mortgaged property, grants to said plaintiff greater relief than was by him demanded in his complaint, and was greater than the Court could grant in case of default.

And as to the first point.   Independently of statutes, the only remedy by which interest can be recovered upon a judgment, is an action of debt upon the judgment.   And. Leading Cases, vol. 1, page 501.

"At common law, on an execution upon a judgment, interest cannot be levied, because the execution must pursue the judgment, and there is nothing on the record to authorize the collecting of interest."  *Ib.,* 6 Johns. 283 ; 2 Vesey, p. 162; 2 Johns. Chy. 172, 180 ; 1 Page, 182 ; Brown and Wife *v.* Kip *et al.,* 6 Paige, 88.

Our statute provides that when a simple rate of interest is agreed upon, the judgment shall bear the same rate.   Wood's Digest, art. 2838, sec. 2.

In the next section it is provided that parties may agree for the payment of compound interest, but it is not provided that the judgment shall conform to *such* a contract.

Raun *v.* Reynolds.

A judgment cannot be made to bear compound interest except by virtue of express provision of law. There is no such provision in our statute, therefore the judgment in this cause was erroneous in this particular.

As to the second point, the Court will find by examination of the record, that the judgment is contingent. The authorities before cited lay down the rule, that a judgment for money is a final determination by the Court of the amount due upon the day of the rendition of the judgment.

The amount of the judgment in this case is left contingent upon the future act or omission of the defendant. If paid before the seventeenth of February, it is for one sum ; if not paid until after that day it is for another sum. Practice Act, sec. 144.

Compound interest is not a *rate* of interest. Our statute provides that an agreement may be made by which the interest shall, from time to time, be added to the principal, and a *rate of interest* calculated thereon. There is no provision in the statute for incorporating such agreement into the judgment.

As to the third point. Where defendant does not appear in a suit, no relief can be given except such as is expressly demanded in the complaint. Practice Act, sec. 147.

The order directing the manner of sale of the property, was in this case a portion of the relief granted plaintiff; but no demand was made in the complaint for any such relief, nor was notice given in any manner to defendants that such relief would be applied for. Therefore, the granting of such relief was so far an excess of jurisdiction on the part of the Court below.

It is the universal general rule, that property in separate parcels or lots shall be sold separately. Sales in mass of real estate held in several parcels, are not to be countenanced or tolerated. Allen on Sheriffs, page 188; 1 Binney, 61; Woods *v.* Morrill *et al.*, 1 Johns. Chy. 502 ; 13 Johns. 132.

" When the sale is of real estate, and consisting of several known lots or parcels, they shall be sold separately." Practice Act, sec. 223. " The judgment-debtor, if present at the sale, may direct the order in which property shall be sold." *Ib.*

Chancery follows the law, and the same reason which makes the law as it is, applies in general to Chancery. There being in this case no prayer in the complaint that the property be sold as one parcel, defendants had a right to expect that only the usual order would be made, and that the property would be sold in separate parcels, and that they would be permitted to direct the order in which the property would be sold.

*Sanderson & Newell* for Respondents.

There is no error in the computation of the interest up to the time of the judgment. The note drew compound interest, and the calculation is in fact correct.

But were it wrong, it is too late to raise the objection for the first time in this Court. Wood's Digest, 551, sec. 2 ; Guy *v.* Franklin, 5 Cal. 416.

There was no error in making the judgment draw compound interest. Such a judgment is authorized by the statute, and has been sustained by the decisions of this Court. Wood's Digest, 551, sec. 2 ; Guy *v.* Franklin, 5 Cal. 416 ; Mount *v.* Chapman, 9 Cal. 294 ; Emeric *v.* Tams, 6 Cal. 155.

There was no error in directing the manner in which the mortgaged property should be sold. The Court had power to do so. Practice Act, sec. 246, 7 and 8 ; 1 Paige, 451 ; 9 *ib.* 648 ; 3 Scammon, 268.

This case does not come within the 223d section of the Practice Act, concerning sale under execution.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

The defendant, Reynolds, in January, 1857, executed and delivered to the plaintiff his promissory note for the sum of $32,000, payable six months after date, with interest at the rate of two and a half per cent. per month, payable monthly, and if not paid, to be compounded.

To secure the payment of this note, at the same time, he executed a mortgage on three-fifths of the South Fork Canal, in El Dorado county.

The note not having been paid at maturity, proceedings were instituted for its recovery, and a foreclosure and sale of the mortgaged premises.

Pending these proceedings, defendants, Reynolds and Kirk, in consideration of thirty days delay, and as further security for the payment of the note, executed a mortgage on their joint interest in a ditch known as the "Gold Hill" or "Smith's Ditch," which connected with the South Fork Canal.

At the expiration of the time agreed, the debt not having been satisfied, plaintiffs filed a supplemental bill, setting up the second mortgage, and asking for a sale of the premises therein conveyed.

Defendants were duly served, and having failed to answer, a default was taken against them ; and a judgment was rendered against Reynolds for the amount of the note and interest, with interest on the judgment at two and a half per cent. per month, to be compounded monthly.

The Court also decreed a foreclosure of the several mortgages and a sale of the property conveyed, and directed that the property described in the mortgage executed by Reynolds should be first offered for sale ; but that no bid should be received for a less sum than the full amount of judgment and costs. If this sum was not bid, then the whole property included in the two mortgages—from Reynolds, and from Kirk and Reynolds—was to be sold together. The errors assigned are :

*First,* The order directing compound interest to be computed on the judgment.

*Second,* The decree directing the property conveyed in separate mortgages to be sold together.

The first point is one of much general interest, and involves a construction of the statute of March, 1850, " to regulate interest on money." The second section of this Act is as follows : " Parties may agree in writing for the payment of any rate of interest whatever on money due, or to become due on any contract. Any judgment rendered on such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment." The third section permits parties to agree that the interest, if not punctually paid, may be added to the principal, and bear the same rate of interest.

Raun *v*. Reynolds.

The question presented is, whether the provision of the statute which authorizes judgments to bear the same interest as the contracts on which they are recovered, was intended to be confined to contracts fixing the rate of interest, or to include the contracts authorized by the third section of the Act.

The Act in question is in derogation of the common law, and must be strictly construed. This rule of construction applied to the language of the section would confine its provisions to contracts *fixing the rate of interest*. "Parties may contract," says the statute, "for any rate of interest, and judgments recovered on *such* contracts, that is contracts *fixing the rate* of interest, shall bear the same interest as the contract.

According to the common acceptation, the expression "rate of interest" has reference to the percentage or amount of interest, and not to the manner of computing. Rate is defined by Webster to be "the price or amount stated or fixed on anything." That it was used in this sense by the Legislature is, we think, evident from the fact that it was thought necessary that direct authority for the compounding of interest by contract should be given in a separate section of the Act. Statutes must be so construed as to give validity and meaning to all the parts.

If the construction of the words "rate of interest," contended for by respondent, is correct, the third section of the Act is mere surplusage.

Upon the second assignment we think the decree is clearly erroneous. Judgment was taken in the cause by default, and the decree could give no relief beyond that which was demanded in the bill. (Practice Act, section 147.)

The complaint simply asked a foreclosure of the mortgage and a sale of the property to satisfy the judgment; there was no prayer that the sale should be had in a manner differing from that prescribed in the statute for sales of real property under execution. Admitting the authority of the Courts to direct in the decree the manner in which the sale should be conducted, there is no allegation in the complaint which would warrant a demand that the usual course adopted in judicial sales should be departed from in this instance. On the contrary, the facts disclosed by the complaint furnished the strongest reason for refusing to depart from the usual course.

Raun *v.* Reynolds.

The property to be sold consisted of separate and distinct parcels, owned under different titles. Kirk, one of the parties to the second mortgage, owed no portion of the debt; he was merely a surety for its payment, to the extent of the value of his property.

The well established rules of equity proceedings require, in such cases, not only that the property should be sold in parcels, but that the property included in the first mortgage should be exhausted before recourse is had to the second. "Where there is a lien on different parcels of land, for the payment of the same debt, and some of these lands still belong to the man who, in equity and justice, owes, or ought to pay the debt, and other parcels have been transferred by him to third parties, his part of the land, as between himself and them, shall be first chargeable with the debt." (1 Story, Eq., 223, 2, page 300; 8 *Ib.*, 182.) The principle of this rule applies with equal force to the case of a surety, whose property is pledged by a subsequent conveyance to answer the debt of the principal.

An additional reason why, in this case, a separate sale of the property should have been decreed, is found in the fact that, under our statute, such sales are made subject to the right of the owner to redeem. The exercise of this right, as far as Kirk is concerned, is entirely destroyed by the decree, as it is impossible to ascertain the price at which his interest was sold, or the amount of money necessary to redeem it.

If the property conveyed in the prior mortgage had been first sold, Kirk could, by paying the residue of the judgment, have released his property. Or, if the sale had been made separately, the statute gave him the right to redeem by payment of the price, with the percentage allowed by law. By the decree these rights are taken away, and he is left entirely without remedy.

The judgment and decree of the Court below is reversed, and the cause remanded.