P. A. LAMPING & Co. *v.* J. HYATT AND J. G. JOHN-
SON *et als.*

JUDGMENT MUST FOLLOW SUMMONS AND PRAYER OF COMPLAINT.—If judgment is rendered in favor of plaintiff by default, the Court cannot grant any greater relief than is demanded in the prayer of the complaint and specified in the summons.

JUDGMENT AGAINST PERSONS NOT NAMED IN THE COMPLAINT.—If persons are served with summons who are not named in the complaint, either by real or fictitious names, it is error to render judgment against them by default.

JUDGMENT NOT TO EXCEED AMOUNT PRAYED FOR.—If the complaint on a promissory note prays for judgment for a sum certain, which sum is the principal and interest due when the complaint is filed, judgment by default should not include interest accruing after the complaint is filed.

JUDGMENT FOR INTEREST WHERE RATE IS NOT NAMED.—If the prayer for judgment asks for interest to accrue after the complaint is filed, and neither the prayer or summons mention the rate of interest, the clerk should not render judgment for a rate greater than ten per cent per annum.

GOLD COIN JUDGMENT.— If the complaint does not pray for a gold coin judgment, and the summons does not say that judgment will be taken for gold coin, the clerk should not, on default, render a gold coin judgment.

WHAT IS NOT GOLD COIN CONTRACT.—If a promissory note has the words "in gold coin" after the words "value received," but does not contain the words "in gold coin" in the promise to pay, judgment should not be rendered payable in gold coin, although there is in the instrument a subsequent promise to pay the difference between the value of gold coin and paper currency of the United States if not paid in gold coin.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

The complaint set forth in words and figures the following promissory note as the cause of action:

"DOWNIEVILLE, May 20th, 1863.

" One day after date, for value received in gold coin of the Government of the United States, we, the Red Star Co., promise to pay to the order of P. A. Lamping & Co., at their banking house, in Downieville, five thousand dollars, with interest at the rate of three per cent per month, payable monthly in advance, and if the said principal sum and the interest thereon is not paid in the gold coin of the United States, at maturity, then, in that case, for value received, we, the Red Star Company, undertake and promise to pay to the order of the said P. A. Lamping & Co., in addition to the said sum, as settled damages, such further sum as may be equal to the difference in value, in the San Francisco market, between such gold coin and the paper currency of the United States, that is now, or may hereafter be made, legal tender, by laws of the United States, or of this State.

                                        " J. HYATT,
                        " Secretary for Red Star Company.
" J. G. JOHNSON, Treasurer.
                                        " L. G. WRIGHT."

The defendants declared against in the complaint were J. Hyatt, J. G. Johnson, L. G. Wright, J. Dasey, J. Lewis, Wm. Watkeys, H. Benning, C. Currieux, B. Fales, T. Roper, —— Hayner, Wm. Dasey, D. Mahoney, P. Connor, John Doe,

Richard Roe, *et als.*, composing the Red Star Co.    There was no allegation in the complaint that any of the defendants were sued by fictitious names, or that their real names were not known.    The summons followed the complaint in giving the names of the defendants.    The Sheriff served the summons on Rosana Hohner, Charles Killingelhoven, M. Welch, and Catherine Miller, persons not named in the complaint, in addition to those named.    The Sheriff certified in his return that all the persons served were members of the Red Star Company.  There was no appearance on the part of any of the defendants.  The clerk rendered judgment by default against all the defendants served.

The following was the prayer of the complaint :

" Plaintiffs therefore pray that they may have judgment against said defendants for the full sum due on said note, which is five thousand three hundred and five dollars."

The summons stated that if defendants failed to appear and answer, plaintiffs would take judgment against them by default for the sum of five thousand three hundred and five dollars, together with interest and costs.

Suit was commenced August 15th, 1863, and judgment was rendered September 28th, 1863, for the sum of five thousand three hundred and five dollars, and interest on said sum at three per cent per month from the 20th day of May, 1863, and that it be collected and enforced in gold coin.

*Williams & Johnson*, for Appellants.

The judgment was by default, and the relief in such cases can never exceed that claimed.    (See Practice Act, Sec. 147 ; 11 Cal. 19 ; 20 Cal. 91 ; 20 Cal. 628.)

Plaintiffs do not claim interest after the 15th of August, 1863, therefore we had a right to suppose they had waived that claim, which they had a right to do.

The Court certainly erred in giving plaintiff judgment for the three per cent per month, when they did not ask it, or apprise defendants of any such claim ; and also erred in giving interest on interest.

As the judgment now stands, defendants are damaged, in the way of interest, in the sum of one hundred and fifteen dollars per month, even allowing that the judgment should rightfully draw ten per cent per annum. Up to the present time, upon the last named error, we are damaged one thousand three hundred and eighty dollars; add thereto the sum of six hundred and seventy-nine dollars, for which judgment was taken over the correct sum, and we find ourselves damaged to the full sum of two thousand and fifty-nine dollars.

The notice in the summons not specifying any rate of interest, the judgment can only draw ten per cent per annum. (See 6 Cal. 268.)

*Vanclief & Gear,* for Respondents.

By the Court, SAWYER, J.

As suggested by respondents' counsel, there is no statement in the record that can be considered. But, on the other hand, none is required, for the errors appearing in the judgment roll, brief as it is, are manifest and manifold. There is no congruity between any two of the documents constituting the judgment roll.

The summons, in stating the relief demanded, goes beyond the prayer of the complaint; the officer's return shows a service on parties not mentioned in the complaint or summons, either by real or fictitious names; the judgment is against all the parties served, and, as to the relief granted, goes even beyond the relief stated in the summons to be demanded, and exceeds that which the contract sued on would authorize, even had it been embraced within the terms of the prayer of the complaint or the summons.

The judgment is by default, and the Court was therefore not authorized to grant any greater relief than is demanded in the prayer of the complaint and specified in the summons. (Practice Act, 147; *Raun* v. *Reynolds,* 11 Cal. 19; *Page* v. *Rogers,* 20 Cal. 91, 628.)

The prayer is, that plaintiffs "may have judgment against said defendants for the full sum due on said note, for principal and interest, which is five thousand three hundred and five dollars." This was the full amount, principal and interest, due on the day the complaint was filed, August 15, 1863. It is a prayer for the specific sum named and no more. There is no prayer for interest to accrue from that time forth, and no rate of interest specified in the summons for which judgment would be taken. Had there been a prayer for "interest," without specifying the rate in the prayer or summons, the Court would not even then have been authorized to enter judgment for a rate greater than ten per cent per annum. (*Lattimer* v. *Ryan*, 20 Cal. 633.) But the judgment is for "five thousand three hundred and five dollars and interest on said sum at three per cent per month, from the 20th day of May, A. D. 1863, until paid." May 20, 1863, is the date of the note. Yet the interest from May 20th to August 15th, the day when the suit was commenced, had already been added to the principal and formed a part of the said sum of five thousand three hundred and five dollars. So that the judgment calls for interest on the principal sum twice during the period between those dates, and interest on the interest during the same time in addition, as well as interest on the whole sum at three per cent per month for the future till paid. The judgment is erroneous as to the entire amount exceeding five thousand three hundred and five dollars and the costs.

The judgment is "to be enforced and collected in gold coin." In this respect also the judgment exceeds the relief prayed for. The prayer is simply for so much money without specifying the kind of money. Nor does the summons say that judgment will be taken in gold coin.

In this respect also, the relief exceeds that authorized by the contract, for there is no promise in the note to pay in gold coin.

The record furnishes the data for correcting the judgment, and if the respondents desire it, the judgment may be modified so as to be entered for the sum of five thousand three

hundred and five dollars only, and costs of the Court below against such defendants as are mentioned in the complaint. It is therefore ordered that the respondents have fifteen days in which to file their written consent that the judgment be modified in accordance with the views expressed in this opinion, and upon filing such written consent, it is ordered that the judgment be modified in pursuance thereof. In default of filing such written consent it is ordered that a judgment be entered reversing the judgment of the Court below and remanding the cause for further proceedings.

It is further ordered that the appellants recover their costs of appeal.