## JAMES W. GAUTIER *v.* JAMES L. ENGLISH.

JUDGMENT RENDERED BY DEFAULT, BEARING INTEREST.—A judgment by default, in a suit on a note drawing interest at more than ten per cent per annum, should not direct that the judgment bear interest at the agreed rate, unless the complaint pray that the judgment bear interest at the rate named in the note.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*H. H. Hartley*, for Appellant.

*Jo. Hamilton*, and *Charles A. Tuttle*, for Respondent.

By the Court, SAWYER, J.

This is an action upon a promissory note to recover the sum of ten thousand dollars and interest at one per cent per month, and to foreclose a mortgage given to secure it.

The prayer of the complaint is for judgment for "ten thousand dollars and the interest thereon at the rate of one per cent per month since the first day of December, 1864, until rendition of judgment in this case," and for foreclosure and sale. Judgment by default was rendered March 9th, 1865, for ten thousand three hundred and twenty-six dollars and sixty-six cents, and it was provided in the judgment that the said sum should bear interest from the date of judgment at the rate of one per cent per month until paid.

The judgment being by default, and the plaintiff having demanded in his complaint interest only "*until rendition of judgment*," the appellant claims so much of the judgment as allows interest *after* the rendition of judgment "at one per cent per month until paid" to be erroneous, because, to this extent, it exceeds the relief demanded in the complaint, and is in violation of section one hundred and forty-seven of the Practice Act, which provides, that, "the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint."

The respondent, on the other hand, insists that section two of the statutes of 1850, relating to interest, prescribes what the judgment shall be upon contracts bearing a conventional rate of interest, and that, when such a contract is the basis of an action, it is the duty of the Court to direct by its judgment that said judgment shall bear interest at the stipulated rate, irrespective of the relief demanded in the complaint. The section, which was in force when the Practice Act was adopted, is as follows:

"SEC. 2. Parties may agree in writing for the payment of any rate of interest whatever on money due, or to become due,

on any contract. Any judgment rendered on such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment." (Statutes 1850, 92.)

But the question is not what judgment plaintiff's contract and the law relating to it entitles him to demand, and have entered upon such demand; but what judgment has he demanded, and does the relief afforded exceed that demanded in his complaint? The law and his contract give him a right to certain relief, but the Practice Act prescribes the mode by which he must obtain the relief to which he is entitled; and it says, that the measure of his relief, if there be no answer— no matter how much may be his due—" shall not exceed that which he shall have demanded in his complaint." There can be no misunderstanding the meaning of these terms. That the judgment for a greater rate than ten per cent is a portion of the relief necessary to be given in express terms in the judgment there can be no doubt. The judgment would bear interest from its date at the legal rate without any specific provision to that effect, for the law—section one—so provides. As no specific relief in the judgment is required to enable plaintiff to collect the statutory rate, no prayer for such relief is necessary. But to enable the plaintiff to receive a higher conventional rate of interest, it must be "specified in the judgment." This requires a special judgment—specific relief. It is as much specific relief as the foreclosure of a mortgage, or any other extraordinary relief. And there is no more reason for granting one kind of specific relief in face of the express provision of the statute, than another. The plaintiff in this case was, under the law and his contract, as much entitled to a judgment of upwards of ten thousand dollars, as that his judgment should bear the conventional rate of interest. He might, however, have demanded judgment for only five thousand dollars. Had he done so, we apprehend no one would have claimed, that a judgment for ten thousand dollars could be sustained under the provision of the Practice Act. What he

did do was in reality to demand judgment for a specific, certain sum, less than he was entitled to demand—for he demanded judgment for ten thousand dollars and interest at one per cent per month from a specified date *until rendition of judgment*, and as soon as the date at which the judgment was to be rendered was ascertained, it was only necessary to make the computation to ascertain the precise sum demanded. If the plaintiff does not obtain the full measure of relief to which his contract and the law would have entitled him, it is because he failed to demand it, and it is his own fault. We think the relief granted exceeded that demanded in the complaint, and to that extent unauthorized. (*Raun* v. *Reynolds*, 11 Cal. 19 ; *Gage* v. *Rogers*, 20 Cal. 91 ; *Lattimer* v. *Ryan*, 20 Cal. 63 ; *Lamping* v. *Hyatt*, 27 Cal. 103 ; *Lane* v. *Gluckauf*, 28 Cal. 288.)

Ordered that the judgment be modified by striking out all that portion of the judgment allowing interest at one per cent per month subsequent to the rendition of judgment, and that appellant recover his costs of appeal.