## JOHN PARROTT v. RICHARD S. DEN.

JUDGMENT BY DEFAULT.—An affidavit of merits is indispensable on a motion to set aside a judgment rendered by default.

AFFIDAVIT OF MERITS IN CASE OF DEFAULT.—If a sworn answer to the original complaint is filed, and an amended complaint is then filed to cure a technical defect in the original, and judgment is rendered by default, the answer to the original complaint cannot be treated as an affidavit of merits on a motion to set aside the judgment.

RELIEF IN JUDGMENT BY DEFAULT.—If the judgment is rendered by default, the relief granted cannot exceed that prayed for in the complaint.

APPEAL from the District Court, First Judicial District, Santa Barbara County.

The complaint averred the execution of a note by the defendant to the plaintiff, for six thousand dollars, and a mortgage to secure it. The note was set out in words and figures. The answer admitted the execution of a note for six thousand dollars, but averred that the note executed was another and different note from that set out in the complaint. It also admitted the execution of a mortgage to secure said sum, but not to secure the payment of such note as was set out in the complaint. An amended complaint was filed, correcting some inaccuracies in description. The defendant failed to answer, and was defaulted.

The complaint averred that the mortgage allowed the plaintiff to retain out of the proceeds of sale of the mortgaged property, counsel fees of five per cent, and all taxes and assessments upon the property paid by the mortgagee, with interest thereon at two per cent per month. The prayer of the complaint asked for five per cent as counsel fee, but did not ask for taxes or interest on counsel fee.

The judgment was rendered in Court upon proofs offered by the plaintiff, and allowed him to retain out of the proceeds of sale interest on his counsel's fee at two per cent per month, and the sum of one hundred and six dollars taxes paid by him. The defendant appealed.

The other facts are stated in the opinion of the Court.

*Alexander Ely,* and *George Turner,* for Appellant.

It is a settled rule of law, as stated in *Gautier* v. *English,* 29 Cal. 166–7, " that the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint." Indeed, this is the precise language of the Practice Act, (Sec. 147.) (*Baum* v. *Reynolds,* 11 Cal. 19; *Gage* v. *Rogers,* 20 Cal. 91; *Latimer* v. *Ryan,* 20 Cal. 63; *Lamping* v. *Hyatt,* 27 Cal. 103; *Lane* v. *Gluckauf,* 28 Cal. 288.)

*Edward J. Pringle,* and *Charles Fernald,* for Respondent.

By the Court, Shafter, J.:

This appeal is taken from the judgment and from an order denying a motion made by the defendant to set the judgment aside under the sixty-eighth section of the Practice Act.

First—The motion to set aside the judgment and for leave to answer, was properly overruled; for the reason, if for no other, that there was no affidavit of merits. Such affidavit was indispensable. (*Bailey* v. *Taaffe,* 29 Cal. 422.) Should

the answer to the original complaint be treated as an affidavit of merits, as defendant claims it should be, still its effect must be limited to the note and mortgage as presented in that complaint. But the judgment was not entered on the original, but upon the amended complaint, by which, as we understand it, a trifling error in the description of the securities in the original was corrected and cured. The answer to the original complaint was based upon a quibble rather than upon a meritorious defence to the claim intended to be prosecuted, but the case having been relieved of the difficulty by amendment, and the old complaint having thereby become obsolete, the merits to be developed by affidavit related of course to the claim of the plaintiff in its new form—that is to say, under the corrected description given of it. We cannot depart from the rule established in *Bailey* v. *Taaffe.* Every consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear *prima facie* that the judgment, as it stands, is unjust.

Second—There is, however, error in the judgment in that the relief granted exceeds the relief demanded in the complaint. (Practice Act, Sec. 147; *Gautier* v. *English,* 29 Cal. 166.) The allowances for taxes and interest thereon, and for interest on the counsel fees, must be struck from the decree.

Subject to these modifications, which the Court below is directed to make, the decree is affirmed.