7  221
7  241

JOHN  EHRHARDT, Respondent, *v.* A. CURRY, Appellant.

Clerical Error in Judgment must be Presented Below.  Where on appeal it appeared that there was a clerical error or mistake to the extent of five dollars in a judgment, and the attention of the court below had not been called. to it : *Held*, that the point could not be made in the appellate court.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This was an action on two checks, one for $735.90 and the other for $102.00, dated Carson City, May 15th, 1871, and drawn on Wells, Fargo & Co. by defendant in favor of plaintiff.  Wells, Fargo & Co. refused to pay for want of funds of defendant.  The defense was want of consideration.  There was a judgment for plaintiff for the amount of the checks and interest ; but it seems that the judgment was entered for $5 too much.  The specifications of error in the statement on motion for new trial were to the effect that the evidence was insufficient to show that defendant was liable on the checks, and that it appeared that the checks were given for work done by plaintiff in the erection of the United States branch mint at Carson City, and that such work was done for the United States Government and not for defendant.

In the judgment, the court recited that it found that defendant made and delivered the checks, as set out in the complaint ; that they were given for a good and valuable consideration ; that plaintiff was the owner and holder thereof ; that there was due and payable to him from defendant thereon the amount of said checks and inter-

est ; and then followed the judgment that plaintiff recover of defendant the sum of $872.51 and costs.

*T. D. Edwards* and *Thomas Wells*, for Appellant.

I. The findings of fact do not justify any conclusions of law favorable to the plaintiff, nor do they show that plaintiff was legally entitled to any judgment against defendant.   The court did not find that the facts ever transpired, contingent upon which plaintiff had a right to sue upon the checks or either of them.

II. The court found no conclusion of law ; hence the judgment is unauthorized and voidable.

III. The judgment shows upon its face that it is in excess of the amount then due from defendant to plaintiff on the checks sued upon, if anything was due.   The checks and interest amounted to $867.47, and not $872.51 for which judgment was entered.   14 Cal. 240 ; 3 Cal. 396.

*Robert M. Clarke*, for Respondent.


By the Court, GARBER, J. :

In this case the only assignment which is even plausible, is that the judgment is for five dollars more than the sum prayed for and shown to be due by the findings and complaint.   This was clearly a clerical error, or the result of a mistake in computing the interest. The attention of the court below should have been called to the mistake, and a motion there made to correct it.   Under the circumstances, the point cannot be made in this court.   5 Cal. 417 ; 20 N. Y. 498.

The judgment is affirmed, with costs.