*Wells, Smith & Macon*, for petitioner.

*Wallace & Gunter, Dawson & Mott*, for respondent.

---

## WILBUR *v.* MAYNARD.

*(Supreme Court of Colorado, April 20, 1883—Error to the District Court of Arapahoe County).*

JUDGMENT NIL DICIT, AND BY DEFAULT. Under the Code, no distinction exists between judgment *nil dicit*, and judgment by default. In either case the judgment cannot exceed the statements and prayer of the complaint. In an action against husband and wife, upon a promissory note executed by the latter, the husband being merely a nominal party, and no prayer for judgment against him, it is error to render judgment against him, either *nil dicit* or as by default.

BECK, C. J. This was an action upon a promissory note executed by Abby C. Wilbur, wife of the plaintiff in error, April 24, 1876, and payable to the defendant in error. The payee brought suit thereon April 1, 1879, against the maker, Abby C. Wilbur, joining the husband, Matthew C. Wilbur, as co-defendant, but asking no judgment or relief against the husband in the complaint. The only allegation in the complaint concerning the plaintiff in error is, that he is the husband of the defendant, Abby C. Wilbur.

The complaint commences thus: "The complaint of Joseph S. Maynard against Abby C. Wilbur alleges and shows as follows:"

56

It then alleges the making of the note by said Abby C. Wilbur, sets out a copy of the same, alleges her failure to pay the whole of the note, and states that the sum of $1286.50, bearing interest at the rate of one and one-half per cent. per month is due and unpaid, and concludes as follows:

"Wherefore plaintiff prays judgment as against said defendant for the sum of $1286.50, together with interest from the 13th day of September, 1877, at the rate of one and one-half per cent. per month, and for costs of suit."

The defendants were both served with summons on the same day, and the time for answering the complaint expired on the 13th day of May, 1879. The transcript shows that on the 8th day of May both defendants appeared by counsel and filed a motion to strike the complaint from the files, because not properly verified, and that on the 21st day of May, Abby C. Wilbur filed her answer. On the 24th day of the same month, the Court being in session, the motion to strike the complaint from the files was denied, and on plaintiff's motion, the answer of Abby C. Wilbur and the demurrer of M. C. Wilbur were stricken from the files because not filed in time.

The default of the defendants to answer the complaint in the time required by law was then entered, and judgment rendered against both for the sum of $1678.99, being the amount of principal and interest remaining due upon the note.

The substantial error assigned is the entry of judgment against the husband, Matthew C. Wilbur.

The position of counsel for plaintiff in error is, that this was a judgment by default, and the plaintiff was limited, by section 147 of the Code of Civil Procedure, to the relief demanded in his complaint; that no judgment having been prayed therein against the plaintiff in error, none could properly be rendered against him.

The position taken by counsel for defendant in error is, that it was not, properly speaking, a judgment by default, but a judgment *nil dicit;* that the defendants both appeared to the action, and had their day in Court; that the complaint is sufficient in form and substance, and the Court was invested with discretion by Sec. 146 of the Code to render judgment against both defendants; and that if the plaintiff in error had

any defense to the action, the record shows him to have been guilty of such gross negligence in making his defense below as should defeat his present writ.    Counsel says this Court is bound to presume that the plaintiff in error had no defense, otherwise that he would have sought by proper means, and as the law provides, to have availed himself of it.

Technically speaking, counsel for defendant in error are correct in saying that judgment rendered was a judgment *nil dicit.*    The defendants were required by the summons to answer the complaint by the 13th day of May.    The transcript shows that they both appeared to the action on May 8th. *Bouvier* says, a "judgment by default is a judgment rendered in consequence of the non-appearance of the defendant."    He also says:    "Judgment by *nil dicit* is one rendered against a defendant for want of a plea.    *    *    *    The name of a judgment rendered against a defendant who fails to put in a plea or answer to the plaintiff's declaration, by the day assigned—in such a case judgment is given against the defendant, of course, as he says nothing why it should not."

We are of opinion, however, that no distinction exists under the Civil Code between a judgment *nil dicit* and by default. Of the two, the latter only is mentioned in the Code, and the term default is applied as well to judgments rendered after appearance, as to those rendered in cases where there had been no appearance.    *Sec.* 150 of the Code, as it stood at time of the trial, authorized the clerk, in actions upon contract, to enter the default of the defendant if no answer or demurrer was filed within the time specified in the summons, or such further time as may have been granted, and immediately thereafter to enter judgment for the amount specified in the summons.

SEC. 74 of the Code, as amended (Laws 1879, p. 216), provides within what times, in term time and vacation, amended, supplemental, or further pleadings shall be filed where demurrers have been sustained or overruled as to the original pleadings.    This section concludes as follows:    "If any pleading shall not be filed within the time as prescribed and provided for in this section respectively, default shall be entered against the defaulting party as in other cases."

SEC. 54 provides that the defendant shall answer an

amended complaint "in such time as may be ordered by the Court, and judgment by default may be entered upon failure to answer, as in other cases."

A judgment rendered in a case where no answer has been filed is a judgment by default, within the purview of the Code.

The same construction appears to be given to the California Code. In *Lattimer* v. *Ryan et al.*, 20 Cal., 628, a complaint was filed upon a promissory note. The defendants answered, but their answers were stricken out because not verified. After filing of the plaintiff's motion to strike out, one of the defendants asked leave to verify his answer, which was refused. Judgment was then entered as upon a default, and upon appeal the Supreme Court treated it as a judgment by default. They say: "After the answer was stricken out, the case stood as though no answer had been filed."

In *Parrott* v. *Den*, 34 Cal., 79, an amended complaint was filed after answer filed to the original complaint. The defendant failed to answer the amended complaint, and judgment by default was entered against him. The Supreme Court say the motion to set aside the judgment was properly overruled, adding, "every consideration of expediency and justice is opposed to the opening up of cases in which judgment by default has been entered, unless it be made to appear *prima facie* that the judgment, as it stands, is unjust."

It is clear that the judgment under review must be treated as a judgment by default.

Before judgment, the Court below, on the plaintiff's motion, struck from the files the following motion and pleadings, viz: The motion of the defendants to dismiss the complaint; the demurrer of the defendant Matthew C. Wilbur, and the answer of Abby C. Wilbur. The default of the defendants was then duly entered, and thereupon judgment rendered against both as though no pleadings had been filed by either of them.

We must hold, therefore, as do the authorities cited, that the plaintiff having obtained the benefit of proceeding as upon a default, must now stand by the results of a proceeding of that character.

What, then, is the effect of the judgment rendered against the plaintiff in error when brought to the test by a writ of

review? Sec. 147 of the Civil Code says: "The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint."

We have already seen that the plaintiff in error was not a party to the contract sued upon—that no relief whatever was demanded as against him in the complaint, and that no answer was filed by him in the cause.

What relief, then, was the plaintiff entitled to receive under his complaint, upon default being entered in the cause? A default admits the facts alleged, and it is said that a defective allegation of fact is cured by a default. In the present instance there is an entire absence of allegations of fact wherewith to charge the plaintiff in error. Surely a default cannot supply them, or otherwise cure a defect of this nature.

We cannot assent to the proposition of counsel that the mere fact that a husband is joined as co-defendant with his wife in a suit upon her contract, raises a presumption of joint liability sufficient to authorize a joint judgment.

The facts admitted by the default are, that Abby C. Wilbur is the wife of the plaintiff in error, that she executed and delivered the note sued on, and that it is due and unpaid to the extent alleged. These admissions authorized a judgment against the wife. General Laws 1877, Secs. 1760, 1761.

But they did not authorize a judgment against the husband; and in the absence of allegations of fact connecting the husband with the transaction, or of a prayer for relief as against him, it is plain that the judgment rendered exceeds the relief demanded. *Lamping & Co.* v. *Hyatt,* 27 Cal., 99; *Lattimer* v. *Ryan et al.,* 20 Cal., 628; *Gautier* v. *English,* 29 Cal., 165.

The point made by counsel for defendant in error, that by Sec. 146 of the Code the Court had discretion to render judgment against both of the defendants, is without force.

It is a settled rule of construction that when a statute confers discretionary power upon a judicial officer, it is to be exercised impartially, and in accordance with the rules and principles of law; otherwise the action taken may be set aside as an abuse of the discretion. The intent of the law is to confer a sound legal discretion which, when exercised by different

Courts under similar circumstances, would be likely to produce uniform results.

The error is fundamental, and is not waived or cured in any of the ways suggested by counsel.

The judgment is reversed, and the cause remanded, with directions to the District Court to enter up a judgment against the said Abby C. Wilbur.

*Judgment reversed.*

*M. B. Carpenter*, for plaintiff in error.
*France & Rogers*, for defendant in error.

---

## GUNNISON LAND DISTRICT.

### NOTICE OF THE CORRECTED BOUNDARIES.

Notice is hereby given that the President of the United States, by Executive order dated March 23, 1883, has directed that the boundaries of the Gunnison Land District, in the State of Colorado, shall be as follows:

Commencing at a point where the line between townships 46 and 47 north, New Mexico, principal meridian, intersects the western boundary of the State of Colorado; thence east along said line to the northwest corner of township 46 north, range 1 west; thence south to the 11th correction line north; thence east along said correction line to the southeast corner of township 45 north, range 2 east; thence north to the northeast corner of township 46 north, range 2 east; thence east to the southeast corner of township 46 north, range 3 east; thence north to the northeast corner of township 46 north, range 3 east; thence east to the southeast corner of township 47 north, range 5 east; thence north to the northeast corner of township 47 north, range 5 east; thence east to the southeast corner of township 48 north, range 6 east; thence north to the northeast corner of township 48 north, range 6 east; thence west to the southwest corner of section 34, township 49 north, range 6 east; thence north to the southwest corner of section 34, township 50 north, range 6 east; thence west to the southeast corner of township 50 north, range 5 east; thence north to the northeast corner of township 50 north, range 5 east; thence