BeCK, C. J.
It sufficiently appears from the transcript that an appeal was allowed from the judgment of the Court on the same day on which the finding and judgment were announced. It also appears that the appellant complied with the terms imposed by the Court, and that the appeal was perfected within the time prescribed by the Court in the order allowing the appeal.
It is objected that no exception was reserved by the appellant to the judgment below, which in case of a trial to the *572 Court without a jury, has repeatedly been held by this Court to be necessary to authorize a review of the judgment upon the evidence. Exceptions were, however, reserved to certain rulings of the Court during the progress of the trial, which have been assigned for error, and may be considered. Colorado Springs Co. v. Hopkins, 5 Colo., 206.
The first assignment of error questions the correctness of the ruling, refusing to allow the witness Charist to testify as to the contents of the written articles of partnership.
This witness, who was the surviving partner of the firm of Morrison & Charist, testified that he destroyed the written articles of partnership after the decease of Morrison, thinking lie had no further úse for them. He said he burned up several papers at the same time, and this one among others. It does not appear that the paper was destroyed through any fraudulent motive, but rather through ignorance. And as to the competency of the witness to testify to the contents of the document, we think he was qualified. The paper was read over to him and his partner Morrison at the time it was executed, and he swore that he remembered what it contained. This witness was a foreigner, and seems to have misunderstood questions on cross-examination, to which he answered that he did not remember the contents of the written articles of partnership. We think he should have been allowed to state the contents.
The next error assigned is the ruling of the Court in excluding the deed of trust, the trustee’s deed, and the redemption certificate.
This assignment involves the power of a surviving partner to dispose of the partnership property in the settlement and payment of the partnership debts.
It sufficiently appears that the real estate in controversy was partnership property. It was property necessary for the ordinary business of the partnership; it was purchased for this purpose out of the funds of both partners, at the time of the formation of the partnership, and it was employed for the uses of the partnership until the firm was dissolved by the death of Morrison.
John G. Taylor, Hudson & Slaymaker, for appellant.
II. 0. Montague, for appellees.
The evidence also shows that at the time of the decease of Morrison, the firm of Morrison & Charist was indebted beyond the extent of the personal assets.
It is well settled in such a case, that the partnership real estate is to be considered as personalty for the purpose of paying the firm debts. It is quite as well settled, that for the purpose of being appropriated to the payment of the partnership debts, the real estate, like other personal property of the partnership, must pass under the control of the surviving partner, to be by him disposed of for the payment of the debts.
An objection is made, that the surviving partner had no authority to give the trust deed. The evidence shows the necessity for prompt action at the time the trust deed was given in order to prevent the sacrifice of the property in question, and the law, we think, warranted the execution of the trust deed.
The sale also upon the deed of trust appears to have been regular. Shanks v. Kline, 14 Otto, 18, and cases cited.
We think the Court erred in excluding the evidence mentioned in this assignment, and it follows as a necessary consequence of this error, that a motion for a new trial should have been sustained. The denial of this motion is made the ground of the third error assigned.
AVe are precluded from considering the fourth assignment, to wit: That “the decree of the Court is manifestly at variance with the evidence and the law,” on account of the omission of the appellant to except to the judgment.
For the errors mentioned, the judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.