FARNCOMB ET AL., PLAINTIFFS IN ERROR, v. STERN, DE-
FENDANT IN ERROR.

18  279
5a 416
18  279
8a 533

1. REVIEW OF EVIDENCE.

The question of the sufficiency of the evidence to support the finding and judgment of the court will not be reviewed upon error or appeal, unless it appears that objection or exception was taken in apt time in the trial court.

2. FORCIBLE ENTRY—DEMAND FOR POSSESSION.

In an action of forcible entry and detainer, where the entry complained of was forcible and illegal, the plaintiff need not make a demand for the possession of the premises before commencing his action.

3. ENTRY BY OWNER.

The owner of the fee, as well as a stranger to the title, may be guilty of an unlawful and forcible entry upon premises demised to his own tenant.

4. WAIVER OF OBJECTIONS.

Objections on the ground that several causes of action have been improperly united, as well as on the ground of misjoinder of parties, must be taken by demurrer or otherwise in the trial court, or they are to be deemed waived. This rule is as applicable to actions for forcible entry and detainer as to other civil actions.

*Error to the County Court of Arapahoe County.*

ACTION for forcible entry and unlawful detainer and for damages thereby occasioned. Finding and judgment for plaintiff. Defendants bring the cause to this court by writ of error.

Mr. W. N. McBIRD and Mr. M. B. CARPENTER, for plaintiffs in error.

Mr. C. P. BUTLER, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

1. The review of this cause cannot extend beyond the record proper. The trial below was to the court without a jury by consent of parties. The record brought to this court shows no objection or exception of any kind during the trial. No objection or exception was taken to the finding or judgment as rendered; nor was any motion made for a new trial. At no stage of the proceeding in the trial court was the sufficiency of the evidence to support the finding questioned in any manner. Under such circumstances it is well settled that this court will not review the judgment upon the evidence. *Hoppie v. Best*, 4 Colo. 555; *Law v. Brinker*, 6 Colo. 555; *Breen v. Richardson*, 6 Colo. 605; *Brown v. Landon*, 11 Colo. 162.

It is a salutary rule which requires a party to try his cause thoroughly at *nisi prius* before seeking a review in an appellate court of any supposed errors nor in the record proper. A party neglecting to present in apt time to the trial court objections to its rulings or decisions at the trial will not, as a rule, be heard in the appellate court to complain of such rulings or decision. To permit him to be so heard would be manifestly unfair to the opposite party; besides, it would have the effect of transferring the real trial of almost every litigated cause from the *nisi prius* court to the appellate tribunal. See *City of Durango v. Luttrell*, *ante* p. 123, and cases there cited.

Upon this subject an eminent author observes:

" Unless objections are reasonably made upon specific grounds and exceptions properly taken in the trial courts, the rulings of such courts, in actions at law, cannot be reviewed in the appellate tribunals. If this were not the rule, the spectacle would be presented of causes tried upon one theory in the court of *nisi prius*, and decided upon a different theory in the court of appeals. The rule is, therefore, general in actions at law, that no objection to a ruling made on the progress of the trial is available upon error or appeal unless it was first made and ruled upon in the court below." 1 Thompson on Trials, § 690.

2. The assignments of error in respect to the record proper require brief consideration. It is objected that no demand for the possession of the premises is alleged. The complaint alleges a lawful possession and actual occupancy of the premises by plaintiff, and that while he was in such possession and occupancy, defendants by force entered and dispossessed him, and are now occupying and holding the premises by force.

Counsel for plaintiff in error cites *Doss v. Craig*, 1 Colo. 178, wherein it is said, that *in an action for unlawful detainer under section 5, chapter 35, Revised Statutes*, the plaintiff must aver and prove a demand in writing for possession of the premises which he seeks to recover. The Doss case was an action by a landlord against his tenant for holding over after the expiration of the term; and the court said that the demand required in such an action " is analogous to the demand required in replevin." The comparison is pertinent. The general rule in replevin is, that where possession of the goods has been illegally obtained by the defendant, the plaintiff need not make a demand for the return thereof before commencing his action. So in an action of this kind, no demand is necessary where the entry complained of was forcible and illegal. There is a distinction in this respect between an action for a forcible and illegal entry, and an action for unlawful detainer after a peaceable and lawful entry. *Miller v. Sparks*, 4 Colo. 303; *Grice v. Ferguson*, 1 Stew. (Ala.) 36;

*Crane v. Dodd*, 2 N. J. Law, 320 ; *Kilburn v. Richie*, 2 Cal. 145 ; *Warren v. Kelly*, 17 Tex. 544.

3. It is contended that no judgment should have been rendered against the defendant Henry Farncomb, because it does not appear that he had any interest in the premises ; and, further, that plaintiff was not entitled to recover damages without bringing a separate action therefor.

The fact that the defendant Mary was the owner of the property in fee, the defendant Henry having no interest therein, does not affect their *status* or liability in this action. If, as charged in the complaint, Mrs. Farncomb leased the premises to plaintiff, and while he was in the lawful possession and occupancy thereof, defendants jointly made an illegal and forcible entry therein, both were jointly liable in a possessory action of this kind. This was not an action to try the title. The gist of this action was the tortious entry. The owner of the fee, as well as a stranger to the title, may be guilty of an unlawful and forcible entry upon premises demised to his own tenant. *Dustin v. Cowdry*, 23 Vt. 631.

4. Objections on the ground that several causes of action have been improperly united, as well as on the ground of misjoinder of parties, must be taken by demurrer or otherwise in the trial court, or they are to be deemed waived. This rule by the express terms of the code is as applicable to actions for forcible entry and detainer as to other civil actions. It is true, section 25 of the act of 1885, p. 231, provides that a plaintiff who has been successful in an action of forcible entry and detainer may recover treble damages under certain circumstances against the guilty party. In this case, however, plaintiff did not sue for treble damages, but for actual damages. No objection was made in the trial court to the uniting of both causes of action, and no reason is perceived why the parties should not have been permitted to litigate and have the whole controversy determined in one action, since they both appeared and, by their mode of pleading, waived all objections. So far as the pleadings disclose, both causes of action affected all of the parties, both plaintiff and defendant,

in the same character and capacity, and did not require different places of trial. Code, sections 50, 54, 70; *Miller v. Sparks, supra; Gillam v. Sigman,* 29 Cal. 637; *Green v. Taney,* 7 Colo. 278; *Fillmore v. Wells,* 10 Colo. 228.

The cases of *Wilbur v. Maynard,* 6 Colo. 483, *Irwine v. Wood,* 7 Colo. 477, and *Brown v. Kennedy,* 12 Colo. 235, cited by counsel for plaintiff in error, are not in point in this case; those were actions of a different nature; they were actions upon contract; and there is no intimation in either case that an appellate court should review an assignment of error alleging misjoinder of parties or the improper uniting of causes of action in an action *ex delicto,* where no objection on that ground was made in the court below, and where there was no objection to the finding or judgment so as to authorize a review of the case upon the evidence.

The judgment of the county court must be affirmed.

*Affirmed.*