BURNELL ET AL., APPELLANTS, v. WACHTEL, APPELLEE.

1. EXCEPTIONS, HOW PRESERVED.

Exceptions to the rulings of the trial court can be brought into the record only by bill of exceptions, allowed, signed and sealed by the judge. An entry by the clerk that an exception was taken is unauthorized and constitutes no part of the record.

2. APPELLATE PRACTICE.

Where a cause is heard by the court, an exception to the final judgment is necessary to authorize the appellate court to review it upon the facts, or upon the law as applied to the facts.

*Appeal from the District Court of Pitkin County.*

Mr. W. J. WEEBER, for appellants.

Mr. W. B. WILEY and Mr. M. J. BARTLEY, for appellee.

THOMSON, J., delivered the opinion of the court.

In this case we are asked to say that the court erred in

rendering final judgment against the appellants.   The cause was tried by the court without the intervention of a jury. No exception to the judgment is preserved in the record.   It is true that in the order allowing the appeal it is stated that an exception was taken, but the entry of that statement was the unauthorized act of the clerk, and constitutes no part of the record.   Exceptions to the rulings and decisions of the court can be brought into the record only by bill of exceptions, allowed, signed and sealed by the judge.   Where a cause is heard by the court, an exception to the final judgment is necessary to authorize the appellate court to review the judgment upon the facts, or upon the law as applied to the facts ; but the exception must be made a part of the record in the manner prescribed by law, otherwise it cannot be noticed.   *Breen v. Richardson,* 6 Colo. 605 ; *Rutter v. Shumway,* 16 Colo. 95 ; *National Bank v. McCaskill,* 16 Colo. 408.

By reason of the condition of this record, we are powerless to examine and pass upon the questions submitted.

The judgment is affirmed.

*Affirmed.*