[L. A. No. 125.    In Bank.—June 4, 1897.]

TRUMAN BROOKS, RESPONDENT, v. W. S. FORING-
TON, APPELLANT.

117 219
120 43

117 219
f130 236

117 219
131 347

117 219
144 67

FORECLOSURE OF MORTGAGE—DEFAULT—PRAYER OF COMPLAINT—COUNSEL FEES—GENERAL PRAYER INSUFFICIENT.—In an action to foreclose a mortgage, where the defendant suffers default, the relief granted to the plaintiff cannot exceed that prayed for in the complaint, and counsel fees cannot be allowed where none are specifically prayed for, notwithstanding a prayer for general relief.

ID.—COUNSEL FEES NOT COSTS—STIPULATION IN MORTGAGE.—Counsel fees are not recoverable as costs; and a special prayer for costs does not include counsel fees, nor does a stipulation in the mortgage making the counsel fee a charge secured by the mortgage, make such charge part of the costs of the action.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.    V. A. GREGG, Judge.

The facts are stated in the opinion of the court.

*G. B. Fletcher*, and *Venable & Goodchild*, for Appellant.

*William R. Cooley*, and *F. A. Dorn*, for Respondent.

VAN FLEET, J.—Action to foreclose a mortgage, in which defendant suffered default. The mortgage provided that, in the event of foreclosure, the mortgagee might retain from the proceeds of sale the costs and charges of suit, " including counsel fees at the rate of —— per cent." The prayer asked for the principal and interest due, " and for costs of suit," the sale of the mortgaged premises and application of proceeds in payment of the amount due, and for general relief; but it did not in terms ask an award of counsel fees. The court in its decree, however, made plaintiff an allowance for counsel fees in the action, and the only question involved in the appeal is whether the allowance of that item was proper under the circumstances.

Appellant contends that it was not; that the allowance was in excess of the relief demanded in the complaint, and that this was in violation of section 580 of

the Code of Civil Procedure, which provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint."

Respondent contends that the prayer was sufficient to entitle the court to make such allowance; that in an action of foreclosure it is only necessary to *aver* the specific relief to which plaintiff is entitled, and that under a general prayer that the mortgaged premises be sold and the proceeds applied to the amount found due, the plaintiff will be entitled, on default, to any relief consistent with the averments of the complaint; that as the right to counsel fees was properly averred, the award thereof was authorized. The position of respondent does not find support in the decisions of this court giving application to section 580. The relief " demanded in his complaint" is held to refer to the relief asked in the *prayer*—the feature of the pleading to which alone reference may be had in default cases, to ascertain what relief the plaintiff seeks; and the rule of the statute applies in its strictness to actions in foreclosure alike with those of any other character. (*Raun* v. *Reynolds*, 11 Cal. 14, 19; *Gautier* v. *English*, 29 Cal. 165; *Parrott* v. *Den*, 34 Cal. 79.)

In *Raun* v. *Reynolds, supra*, where the objection was to the manner in which the property was directed by the decree to be sold, it was said in reversing the judgment: "Judgment was taken in the cause by default, and the decree could give no relief beyond that which was demanded in the bill. (Practice Act, sec. 147.) The complaint simply asked a foreclosure of the mortgage and a sale of the property to satisfy the judgment; there was no prayer that the sale should be had in a manner different from that prescribed in the statute for sales of real property under execution. Admitting the authority of the courts to direct in the decree the manner in which the sale should be conducted, there is no allegation in the complaint which would warrant a de-

mand that the usual course adopted in judicial sales should be departed from in this instance."

In *Gautier* v. *English, supra,* it was held that a judgment by default, in an action in foreclosure on a note drawing interest at more than the legal rate, should not direct that the judgment bear interest at the conventional rate, in the absence of a demand for that rate in the prayer.

In *Parrott* v. *Den, supra,* the complaint averred that the mortgage allowed the plaintiff to retain out of the proceeds of sale counsel fees of five per cent, and all taxes and assessments upon the property paid by the mortgagor, with interest thereon at two per cent per month; and the prayer asked for the counsel fees, but omitted any demand for the taxes or interest thereon or on the counsel fees; which latter items were, however, allowed to plaintiff by the court below. This was held error, "in that the relief granted exceeds the relief demanded in the complaint." And the allowances in excess of the specific demand of the prayer were ordered stricken from the judgment.

Applying the rule of these cases—and we are pointed to none to the contrary—it is quite obvious that respondent was not entitled to counsel fees under the general terms of his prayer.

Nor was he so entitled under the demand therein "for costs of suit." Counsel fees are not costs or disbursements in the action allowed by the statute to the prevailing party. (Code Civ. Proc., sec. 1021.) Nor, when provided for by the terms of the contract, is such charge deemed a part of the costs, or recoverable as such, but is in the nature of "a special damage expressly authorized by the contract to be recovered in addition to the general damages"; and must be expressly averred, with the right in defendant to defend specially against its allowance. (*Prescott* v. *Grady,* 91 Cal. 518.)

Manifestly, then, such specific relief may not be had on default under any general prayer for damages and

costs. Being matter of purely special or exceptional recovery, and the defendant being entitled to look solely to the prayer in determining whether he will defend against the relief sought in the action, if such special relief is not therein specifically demanded, it is to be deemed waived. (*Gautier* v. *English, supra.*)

But it has been suggested that, although such fees are not included in the general or statutory costs, there is no reason why the parties may not, by their contract, make them a part of the costs in the action, and stipulate that they shall be recovered as such, and that such is the effect of the stipulation in the mortgage; and the recent case of *O'Neal* v. *Hart*, 116 Cal. 69, is cited in support of the suggestion. But, assuming that it would be competent for the parties to make that a part of the costs which is not such by law, we do not regard the language of the mortgage as having that effect. It makes the counsel fee a charge against the mortgagor, recoverable on the foreclosure and secured by the mortgage, but not as costs of the action. And that is all that is decided in *O'Neal* v. *Hart, supra.*

We think the item of counsel fees was improperly allowed, and that the judgment should be modified by striking that item therefrom.

The cause is remanded to the court below with directions to modify its judgment accordingly; appellant to have his costs of the appeal.

HARRISON, J., GAROUTTE, J., MCFARLAND, J., TEMPLE, J., and HENSHAW, J., concurred.