SALAZAR *v.* THE ESTATE OF KORTRIGHT.

APPEAL from the District Court of San Juan.

No. 215.—Decided February 28, 1908.

JUDGMENT IN DEFAULT—AFFIDAVIT OF MERITS.—In order that a default may be set aside in those cases provided for by section 140 of the Code of Civil Procedure, it is not necessary that the party filing the motion present and affidavit of merits, as the said section does not require it.

The facts are stated in the opinion.

*Mr. Benítez Castaño* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This appeal was set for hearing on the 21st of January, 1908. Neither of the parties appeared at the hearing and no brief has been filed for the appellee, although the contentions of the appellant plainly merit consideration.

In the District Court of San Juan an amended complaint was filed in this suit on the 12th of August, 1907, and on the 7th day of October, 1907, the appellant obtained a judgment by default against the appellee. Subsequently on the 10th day of October, 1907, the appellee filed a motion to set aside the default. The facts of the motion were sworn to by the attorney for the appellee, who at the same time filed a demurrer and answer to the original complaint. The appellee asked relief from the results of the default, because on the 20th day of August, 1907, his attorney had mailed a copy of his demurrer and answer to the secretary of the district court, as well as to the attorney for the appellant. The latter on the other hand filed the affidavits of himself and his clerks, setting up that such papers had never been received by him; also setting up that the motion was not property sworn to, as the affidavit of the client should appear; that the motion was sworn to before an officer who had no authority to take the oath, and that the motion was defective in that it was not accompanied by an affidavit of the merits of the defense which the appellee proposed or was atttempting to establish.

The appellant cites the jurisprudence of California to the effect that an affidavit of merits is indispensable on a motion to set aside a default, and he cites the cases of *Bailey* v. *Taaffe et al.,* 29 Cal., 423; *Bank* v. *Dresbach,* 63 Cal., 324; and *Parrot* v. *Denn,* 34 Cal., 79, to support his contention. An examination of these cases shows that the law and practice in this respect in California are founded on the 68th section of the Practice Act of that State which requires that the affidavit should set out that the default occurred through mistake, inadvertence, surprise or excusable neglect, and that the defendant had a meritorious defense to the action. The only things to govern us are the provisions of section 140 of our Code of Civil Procedure. This section it is true provides for relief from a judgment only for mistake, inadvertence, surprise or excusable neglect, but there is nothing there, nor in any other part of the Code which makes necessary an affidavit

of merits. The attorney for the appellee made a showing that this default was due to mistake or excusable negligence. And while we think that in general something more should be required of a person in default, section 140 is so sweeping and unlimited in its terms that we cannot reverse the action of the court, as there was no abuse of its discretion.

There are other grounds alleged against the action of the court in opening the default, but they are all embraced in the question of the exercise of the sound discretion of the court in setting aside the judgment.

The order appealed from must therefore be affirmed.

*Affirmed.*

Justices Hernandez, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.