WILLIAM M. CRANE, Respondent, *v.* JASON BRANNAN, Appellant.

Where defendant's attorneys accepted service of the summons, but attached no date, the date of the return of the sheriff was held sufficient.

Where the summons was headed with the words, "District Court," but was issued out of the County Court, under the County Court seal, and tested by the Judge of said court, it was held good as the writ of the County Court.

Where the place where the writ was served was not stated, but it was directed to the sheriff of San Francisco, and was returned by him served, the court should have assumed that it was served within his jurisdiction.

Where judgment was entered upon a default for $124 75, and it did not appear that any testimony had been heard, the presumption that a judicial officer has acted regularly, was held to apply to the case, and nothing appearing to the contrary, this court will presume that the Judge had informed himself as to the matter of complaint, in a proper and regular manner, and such judgment will be affirmed.

APPEAL from the Fourth Judicial District.

Jason Brannan was summoned to answer the complaint of William M. Crane, to enforce a mechanic's lien upon the Arcade House, for carpenter's work done to the amount of $124 75, and costs, filed in this court, within ten days after the service of this writ, concluding, "and if you fail, &c., judgment of default will be taken against you for the sum in the said complaint named. Witness the hand, A. Campbell, Judge of the County Court, this 13th December, 1851. Teste, John E. Addison, Clerk."

At the head of the above writ was written the words, "District Court of the Fourth Judicial District."

Clarke, Taylor, and Bickle, acknowledged to have received a copy of complaint and summons in the above entitled cause, and accepted service for defendant.

And the sheriff returned that he served the same on the 13th December, 1851, by Clarke, Taylor, and Bickle, attorneys for defendant, accepting service of the same.

On the 14th December, 1851, on motion of plaintiff's attorney, default was entered against defendant, according to the complaint, and the court ordered judgment against the defendant for $124 75, and all the costs and charges expended in this behalf; and that the Arcade House, situate, &c., be sold to pay the same, &c., and that the judgment stand as a lien, &c.

The execution was entered satisfied, March 8th, 1852,—" and now, on this day, in September Term, present the Hon. A. Campbell, the rule to show cause why the judgment by default, entered 14th December, should not be set aside, rule having been argued by Clarke for defendant, and Halliday for plaintiff, it is ordered that the said rule be discharged.

September 24, 1852, defendant appealed to the District Court, from the judgment of said County Court.

And in the District Court, the judgment of the County Court was affirmed the 2d October, 1852.

And defendant appealed to this court.

*Clarke, Taylor,* and *Bickle,* for appellants.

The summons emanated from the District Court, and cited defendant to appear there.

The *place* of the service does not appear, and therefore it is impossible to say whether the default should be taken at the end of 10, 20, or 40 days. Prac. Act., sect. 25.

The sheriff's return is not in conformity to the statute, for it does not state the place of service: §34 Prac. Act; nor in its indication of the time of answering: sect. 33. If the time for answering had expired, then the mode of obtaining judgment was irregular: ib. sect. 150. The clerk in this case should have entered the default, and the court, upon application, should have heard the proofs,—this action calling for special relief,—but the court ordered judgment for the amount claimed: ib.

The amount of costs was left at large, and not specified in the judgment, and is therefore void. If a judgment is uncertain as to the amount, and as to the time of rendition, it is invalid:

Miner, 5; Jones *v.* Acre; 4 Munf. 262; 2 Penn. 1004; 5 Halst. 288; 2 A. K. Marsh, 382; Miner, 89; Ib. 93; 1 Sten. 18; 3 Miss. 53, 228; Breese, 298; 6 J. J. Marsh, 549; Miner, 185.

*Hombly,* for the purchaser, under the execution issued in this case.

The summons has the seal of the County Court, and was tested by the Hon. A. CAMPBELL, Judge of the County Court, and defendant was required to appear there: M'Cormack *v.* Meason, 1 Ser. & Raw.

As to the omission of the *place* of service, see sect. 33 of the Prac. Act.

The case comes under the 1st sect. of the Prac. Act, being "*for the recovery of money ;*" therefore the default was regularly entered; see sect. 150.

The judgment was for $124 75, and as there was no bill of costs filed, defendant has nothing to complain of; he could have paid that amount and the clerk's fees, and plaintiff could claim no more, not having filed his bill of costs.

The seal of the County Court was to the writ, and it proves itself. Defendant could not have been misled.

The endorsement of service by the counsel waived all irregularities. 5 Hon. Pr. Rep. 233.

No motion was made to open or set aside the judgment by defendant, from 24th December, 1851, until September, 1852.

If the objections were good as between plaintiff and defendant, they will not at this day be suffered to disturb a judgment upon which the title of another depends. See 6 Watts & Sergt. 506. The record shows the judgment satisfied, it cannot therefore be disturbed. 14 Johns. 468.

WELLS, Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

Suit was brought in the County Court of San Francisco County, to enforce a *mechanic's lien.* The summons was served by the sheriff, upon Clarke, Taylor, and Bickle, who undertook, as attorneys for Brannan, to accept service. The attorneys sign the acceptance of service, but attach no date; the sheriff's

return, however, shows service to have been made on the 13th December, 1851. No answer was filed, and a default was taken on the 24th December, and a judgment entered for the plaintiff. From the judgment of the County Court, defendant appealed to the District Court, where judgment was affirmed; the case is now brought to this court for review.

The memorandum of "District Court," at the top of the summons, was no part of the writ. It was issued out of the County Court, and tested by the Hon. A. CAMPBELL, Judge of the County Court.

The place where the writ was served is not stated, but the Court should have assumed, as it was directed to the Sheriff of San Francisco, and as it was returned by him served, that it was served within his jurisdiction.

The form of this summons is at least substantially good, and sufficiently indicates the time when the defendant was required to answer.

It appears that default was entered, and that thereupon the court rendered judgment for $124 75. Whether or not the court received and heard any testimony, does not appear. But it is a settled rule that every presumption is in favor of the conclusion, that a public officer, and particularly a judicial officer, has acted regularly. Nothing appearing to the contrary, we presume the Judge of the County Court informed himself as to the matter of complaint, in a proper and regular manner.

The judgment finds the amount of the claim, and we do not think its validity impaired by not finding the amount of costs, which, at the time of the rendition of judgment, are not generally taxed.

Judgment affirmed.