[No. 19271.   Department One. — January 29, 1894.]

NORTHERN COUNTIES INVESTMENT TRUST (LIMITED), APPELLANT, *v.* JOHN CADMAN ET AL., RESPONDENTS.

FORECLOSURE DECREE—SALE UNDER EXECUTION—PUBLICATION OF NOTICE—RIGHTS OF SHERIFF—DIRECTION OF PARTY.—Under sections 692 and 693 of the Code of Civil Procedure, it is the duty and right of the sheriff to publish the notice of sale under execution foreclosure decree, and he alone has the power to determine and select the places and newspapers in which to publish the required notice, and the attorneys for the party enforcing the decree have no right to contract for the publication of the notice in a particular newspaper, or to direct the sheriff to make such publication.

APPEAL from an order denying plaintiff's motion that the court direct the sheriff to publish notice of sale under execution in a particular newspaper.

The facts are stated in the opinion.

*Smith & Winder*, and *Victor Montgomery*, for Appellant.

The attorney of a judgment creditor has implied authority to direct the sheriff as to the time and manner of enforcing the execution. (*Willard* v. *Goodrich*, 31

Vt. 597; *Gorham* v. *Gale,* 7 Cow. 739; *Erwin* v. *Blake,* 8
Pet. 18; *Linch* v. *Commonwealth,* 16 Serg. & R. 368;
*Jenney* v. *Delesdernier,* 20 Me. 183; *Webb* v. *White,* 18
Tex. 572; *Kimball* v. *Perry,* 15 Vt. 414.)   Proceedings
under the execution are proceedings in the suit, and the
attorney's right to control the officer in executing the
process is everywhere upheld.   (*Union Bank* v. *Geary,*
5 Pet. 99; *Read* v. *French,* 28 N. Y. 285; *Silvis* v. *Ely,* 3
Watts. & S. 420; *Ward* v. *Roy,* 69 N. Y. 96.)   The at-
torney has control over the execution in every respect;
he may withdraw it from the hands of the sheriff, or
suffer it to become dormant, or authorize the officer to
depart from the usual course of his duty.   (*In re Hamp-
ton,* 2 G. Greene, 137; *Tucker* v. *Bradley,* 15 Conn. 50;
*Pierce* v. *Partridge,* 3 Met. 44; *Rogers* v. *McDearmid,*
7 N. H. 506; *Fitts* v. *Johnson,* 22 Ga. 307; *Richardson* v.
*Bartley,* 2 B. Mon. 328; *Patton* v. *Hamner,* 28 Ala. 618;
*Hill* v. *Pratt,* 29 Vt. 119; *Sterns' Appeal,* 64 Pa. St. 447;
*Sherry* v. *Schuyler,* 2 Hill, 204; *Colton* v. *Camp,* 1 Wend.
365; *Corning* v. *Southland,* 3 Hill, 552; *Walters* v. *Sykes,*
22 Wend. 566, 569; *Nelson* v. *Cook,* 19 Ill. 440; *Arm-
strong* v. *Garrow,* 6 Cow. 465; *Root* v. *Wagner,* 30 N. Y.
18; Smith on Sheriffs and Constables, p. 308.)   The
officer is bound to obey the attorney's instructions.
(*Jackson* v. *Anderson,* 4 Wend. 480.)   Where an attorney
is employed to collect a debt, it implies as great a dis-
cretion vested in him after judgment as before.   (Code
Civ. Proc., sec. 283; *McDonald* v. *Todd,* 1 Grant, 17;
*Butler* v. *Knight,* L. R. 2 Ex. 109.)   The spirit if not
the letter of the statute authorizes the attorney to give
written instructions, such as were given in this case,
and makes it the duty of the sheriff to obey said in-
structions.   (Pol. Code, sec. 4185.)   The court had the
power to compel the sheriff to perform the duty thus
imposed.   (Code Civ. Proc., secs. 128, 177, 187.)   The
attorney and sheriff are both officers of the court, and
the attorney who causes process to be issued in behalf
of his client and places the same in the hands of the
sheriff for execution is, in respect to the process,

superior to the sheriff and has the power to control the sheriff's action in respect to the process. (*Houston* v. *Williams*, 13 Cal. 24; *Kennedy* v. *Hamer*, 19 Cal. 386; *Ex parte Hartman*, 44 Cal. 32; *Mawson* v. *Mawson*, 50 Cal. 542; *Grady* v. *Porter*, 53 Cal. 680; *People* v. *Center*, 54 Cal. 236.)

*F. O. Daniel*, and *Charles S. McKelvey*, for Respondent.

The duty of the sheriff, in selecting the paper in which to publish the notice, is in the nature of a judicial, and not a ministerial, act, one which leaves it to his own judgment, discretion, and choice, restricted only by the requirement that it must be some newspaper published in the county. (Code Civ. Proc., secs. 692, 693; *Sullivan* v. *Shanklin*, 63 Cal. 251; Throop on Public Officers, secs. 534, 535; Mecham on Public Officers, secs. 594, 638, 639; *Porter* v. *Haight*, 45 Cal. 639; *Life etc. Ins. Co.* v. *Adams*, 9 Pet. 603; Wiltsie on Mortgage Foreclosures, p. 627; Freeman on Executions, sec. 288.) The discretion of the sheriff cannot be controlled. (*Carmichael* v. *Gillivray*, 57 Cal. 8; *Smith* v. *Randall*, 6 Cal. 47; *Journal Pub. Co.* v. *Whitney*, 97 Cal. 283; *Winton* v. *Wilson*, 44 Kan. 146; *Gaines* v. *Thompson*, 7 Wall. 347; Throop on Public Officers, secs. 822, 849; *County of San Mateo* v. *Maloney*, 71 Cal. 208, citing *Gaines* v. *Thompson*, 7 Wall. 347; *Porter* v. *Haight*, 45 Cal. 639. See, also, *Ballerino* v. *Mason*, 83 Cal. 449; *Porter* v. *Haight*, 45 Cal. 640. To justify the granting of the order the duty of the sheriff to publish the notice in the paper designated by plaintiff's attorney must have been absolute. (Mecham on Public Officers, sec. 667; *Davisson* v. *Board of Supervisors*, 70 Cal. 612, 613; *Richardson* v. *Tobin*, 45 Cal. 33.) The sheriff is not the agent of the execution creditor, he is the agent of the law. (*Griffin* v. *Thompson*, 2 How. 244; *Sims* v. *Campbell*, 16 Am. Dec. 596.) The notice of sale is not required for the benefit of the plaintiff, it is required for the benefit of the defendant, that his property may not be sacrificed; and it has been held that the defendant may waive

notice of the sale. (Freeman on Executions, secs. 286, 289.)

VANCLIEF, C.—This appeal is from an order made after judgment denying plaintiff's motion for an order directing the sheriff to publish notice of sale of real estate on execution, in a certain newspaper selected and designated by the plaintiff's attorneys.

The record contains no part of the judgment-roll, nor anything to show the nature of the action, the substance of the judgment, or the form or substance of the execution, except that it required the sheriff to sell real property "under a decree and writ rendered and issued herein," and placed in the sheriff's hands by plaintiff's attorneys for service, with their written instructions to publish notice of the sale in the newspaper designated.

The bill of exceptions shows that the motion was supported by, and heard upon, the affidavit of one of plaintiff's attorneys alone, the material substance of which is, that having contracted for the publication of the notice in a daily paper, the *Daily Evening Blade,* he gave the sheriff " written instructions, signed by affiant and his associate counsel, requesting and directing said sheriff to advertise said notice of sale of said property in the *Daily Evening Blade* for the length of time required by the statute"; but that the sheriff ignored and disregarded said instructions, and commenced the publication of said notice in the *Weekly Gazette,* a weekly paper published in the same county (Orange), having, as affiant is informed and believes, a circulation " of about four hundred "; whereas he is informed and believes the *Daily Blade* has a circulation " of about seven hundred." " That the judgment in this case is for a large sum, and plaintiff will be put to heavy costs in connection with the sale of said land, and as plaintiff is a nonresident, it wishes to avoid the necessity of bidding in said land, or any part thereof, and to secure, if possible, purchasers at said sale who will take said property at such

figures as will justify the plaintiff in permitting them to buy the same."

Counsel for appellant state in their brief that the action was to foreclose a mortgage, and that the decree was one of foreclosure "in the usual form"; and that "a copy of said decree, with a writ for the enforcement of the same, was issued by the clerk, . . . . and delivered by appellant's counsel to the sheriff," with the aforesaid written instructions; but give no further information of the contents of the decree or of the "writ for the enforcement of the same."

It may therefore be presumed, or assumed, as against the appellant, that the execution conformed to that part of section 684 of the Code of Civil Procedure which provides that "when the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment, or the material parts thereof, and directing the proper officer to execute the judgment by making the sale and applying the proceeds in conformity therewith." (*Newmark* v. *Chapman*, 53 Cal. 558.)

Section 692 of the Code of Civil Procedure provides: "Before the sale of the property on execution notice thereof must be given as follows: . . . . 3. In case of real property, by posting a similar (written) notice . . . . in three public places of the township or city where the property is situated, and also where the property is to be sold, and publishing a copy thereof once a week for the same period *in some newspaper* published in the county, if there be one."

And by section 693 it is enacted that: "An officer selling without the notice prescribed by the last section forfeits five hundred dollars to the aggrieved party, in addition to his actual damages."

It is admitted that these sections apply to sales on execution of foreclosure decrees; and it is clear that they enjoin upon the sheriff both the duty and the responsibility of posting and publishing the notices of sale as prescribed, which injunction necessarily implies the duty and responsibility of selecting the places where

the notices are to be posted, and the newspapers in which they are to be published, since they are not specified. He is required to post the notices in three public places in the township, etc., and to publish them in *some* newspaper in the county once a week under a heavy penalty, besides his responsibility for all damages. The penalty and responsibility are inconsistent with the alleged authority of the plaintiff to dictate the places or papers in which the notices are to be published; and consistent only with his duty *and power* to determine and select the places and newspapers in which to publish the required notices. (*Richardson* v. *Tobin*, 45 Cal. 31; *County of San Mateo* v. *Maloney*, 71 Cal. 206; *Journal Publishing Co.* v. *Whitney*, 97 Cal. 283; *In re O'Sullivan*, 84 Cal. 444.) Moreover, the requirement of notice of sales on execution is quite as much for the benefit and protection of the defendant as for the plaintiff; and the defendant, if not insolvent, ultimately pays the expense of publication. Why is not he, at least, equally with the plaintiff, entitled to dictate to the sheriff how and where he shall publish notice of sale? And if equally entitled, who is to decide when they disagree?

I think the order should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., PATERSON, J.