[Civ. No. 2923. Second Appellate District, Division Two.—October 3, 1919.]

## NOAH WILLIAMS, Jr., Respondent, v. GEORGE H. REED, Appellant.

[1] ACCOUNTING—NATURE OF INTERLOCUTORY JUDGMENT—APPEAL.— In this action for an accounting after dissolution of a partnership the so-called "interlocutory judgment" entered was a final judgment from which, and each of the special orders following, an appeal was legally permissible.

[2] APPEAL—PRESUMPTIONS.—An appellate court will never indulge in presumptions to defeat a judgment.

[3] JUDGMENTS—EFFECT OF DEFAULT—RELIEF PERMISSIBLE.—A default admits the material allegations of the complaint, and no more; and the relief to be awarded to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issues.

[4] APPEAL—CONSIDERATION OF FACTS ASSERTED IN BRIEF.—The appellate court cannot take notice of alleged facts which rest solely upon the mere assertion of counsel in their brief, even where such counsel has the confidence of the court.

[5] ID.—APPEAL ON JUDGMENT-ROLL—SUFFICIENCY OF EVIDENCE—PRESUMPTION.—Where there is nothing legally before the appellate court that can be considered which will help in arriving at a conclusion as to whether or not the evidence offered was sufficient to support the judgment, that court is bound to presume that the evidence offered, whatever it was, was sufficient for such purpose.

[6] DEFAULT—MOTION TO OPEN—CONFLICTING AFFIDAVITS—ORDER—APPEAL.—An order denying a motion to open a default and set aside an interlocutory judgment in an action for an accounting after dissolution of a partnership will not be disturbed on appeal where there is a sharp and decided conflict as to the questions presented by the affidavits of the respective parties.

[7] ID.—DISCRETION OF COURT—PRESUMPTION.—A motion under section 473 of the Code of Civil Procedure to open a default and vacate an interlocutory judgment is addressed to the discretion of the court, and should be liberally exercised to promote justice and prevent fraud; and the presumption is that, in the absence of satisfactory showing to the contrary, the lower court so exercised its discretion.

[8] ID.—DISREGARD OF SUMMONS AND COMPLAINT SERVED—DENIAL OF RELIEF.—Where the defendant was served with summons and complaint, but paid no attention thereto, the contention cannot successfully be maintained that his default was because of inadvertence, mistake, surprise, or excusable neglect.

[9] JUDGMENTS—FRAUD ON COURT—POWER TO SET ASIDE.—A court has inherent power to set aside a judgment for fraud upon the court, and the right to so act or grant relief is not derived from section 473 of the Code of Civil Procedure. However, a fraud that will render such relief available does not include a judgment irregularly obtained upon a fraudulent claim or by false testimony. A judgment may be unjust, inequitable, and erroneous without being fraudulent or subject to be set aside by a court of equity.

[10] ID.—SALE OF PARTNERSHIP PROPERTY—DIRECTION AS TO GIVING OF NOTICE IMMATERIAL.—In an action for an accounting after dissolution of a partnership, that portion of an interlocutory judgment directing the sheriff how and when to give the notice of sale of the partnership property is unnecessary and may be disregarded.

[11] ID.—INSUFFICIENCY OF NOTICE—VALIDITY OF SALE—REMEDY OF PARTY AGGRIEVED.—Insufficiency of the notice of sale is not ground for setting aside an order confirming a sale made pursuant to a direction in a judgment or decree. The remedy of the party aggrieved under these circumstances is against the officer.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Valentine & Newby, G. H. P. Shaw and John H. Foley for Appellant.

Irwin, Smith & Rosecrans and Davis & Rush for Respondent.

THOMAS, J.—This is an action for an accounting after dissolution of a partnership. Plaintiff's complaint herein was filed December 31, 1915, and, with the summons thereafter issued, was served on defendant on January 11, 1916. Default of defendant was entered on January 24, 1916. On March 15, 1916, an interlocutory judgment was entered. Appellant contends that the judgment was based upon a statement theretofore filed in said cause by respondent. This contention is opposed by respondent, who argues that, there being no findings of fact, and none of the evidence adduced upon the hearing of the matter being preserved in either a bill of exceptions or a statement of the case, only matters shown by the judgment-roll, consisting in this case only of the complaint and judgment, can be considered. On March 28, 1916, an amendment to said interlocutory judgment was made by the court, without any notice to appellant. Appellant appeals from this judgment and the amendment thereto. This will be referred to here as the *first appeal.*

On April 26, 1916, appellant duly served and filed his motion to open said default and set aside said interlocutory judgment, together with affidavits in support thereof, and his answer to the complaint. On April 28, 1916, and just prior to the hearing of said motion, respondent served on appellant counter-affidavits. On April 29, 1916, this motion was denied. From the order denying this motion appellant has appealed. This is the *second appeal.*

May 2, 1916, respondent served upon appellant a notice of motion to confirm the sale of the property of the partnership made by the sheriff. Objections to the confirmation of said sale were filed by appellant, and, after hearing evidence both for and against such confirmation, the court, on May 6, 1916, overruled said objections and entered an order confirming the sale. Appellant thereupon applied to the court to fix the amount of the bond to stay execution pending

appeal, under sections 943 and 945 of the Code of Civil Procedure. Said application was granted, the court fixing the bond at the sum of ten thousand dollars, and such appeal was then taken and the bond given according to law. We shall refer to this as the *third appeal.*

June 24, 1916, respondent served upon appellant's attorneys a notice of motion, supported by affidavits, to enter final judgment in said cause. Appellant did not appear at this hearing, and, on June 30, 1916, the court granted this motion and entered final judgment accordingly. This is the *fourth appeal* herein.

By proper stipulation the records in all four appeals have been, for the convenience of court and counsel, included in one transcript. The appeals will be considered in the order presented.

In reference to the *first appeal,* it may enlighten the matter some if it is understood that the complaint alleges that respondent had ''paid into said copartnership business, both as capital and for the conduct and maintenance of said business, the sum of $31,309.42, and has received from and on account of said copartnership the sum of $6,554.83 in money,'' leaving a net investment, as we gather from the said allegation, of $24,854.60. The statement of the account submitted to the court by respondent, and upon which the interlocutory judgment was rendered, shows the amount invested by respondent to be the sum of $43,151.22, and the amount withdrawn the same as alleged in the complaint, to wit, $6,554.83, leaving his net investment at $36,596.39—or the sum of $11,741.79 more in favor of respondent, apparently, than the allegations of the complaint authorize. Respondent contends that there is no warrant in the record for such conclusion, as already hereinbefore set forth.

[1] We are confronted at the outset with the query as to whether the interlocutory judgment, so called, entered herein is a ''final judgment.'' If it is not, then no appeal from it is legally permissible, and the special orders, entered by the court subsequently to the entry thereof, and before the entry of the so-called judgment, are not appealable orders. Under the authority of *Zappettini* v. *Buckles,* 167 Cal. 27, [138 Pac. 696], we hold the judgment now under consideration to be a final judgment; that, consequently, an appeal lies therefrom, and, hence, that each of the special orders

following said judgment was also appealable. (Code Civ. Proc., sec. 963.)

The transcript discloses, as a part of appellant's bill of exceptions, the following: "That before interlocutory judgment was entered, the plaintiff filed a statement with the judge of said court, at his request, and represented that it was a correct statement of the copartnership account between plaintiff and defendant, which said statement was and is in words and figures as follows, to wit." Then follows a copy of the statement. An examination of the interlocutory judgment discloses the fact that it is in exact accord with the said "statement." How can one escape the conclusion, it is asked, that the judgment was based thereon?

It is urged by respondent that on an appeal from a default judgment only matters shown by the judgment-roll— consisting in this case only of the complaint and judgment— can be considered. If no other point were urged by appellant than the one now under consideration, it might be conceded that respondent's position would be invulnerable. (*Tomlinson* v. *Ayres,* 117 Cal. 568, [49 Pac. 717]; *Nevada Bank* v. *Dresbach,* 63 Cal. 324.) But other points are urged, and presently we shall see the force of appellant's position here. For our present purpose we call attention to the fact that, limited to the judgment-roll, we are confronted with the query: "Was the interlocutory judgment warranted under the allegations of the complaint?" If not, is it error apparent on the face of the judgment-roll? **[2]** It is true, as was said in *Ohleyer* v. *Bunce,* 65 Cal. 544, [4 Pac. 549], that an appellate court will never indulge in presumptions to defeat a judgment. What have we in this case, outside of an assumption based upon no evidence to which our attention has been called, to support appellant's claim that the judgment here was based upon the "statement" referred to? **[3]** "The relief to be awarded to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issues" (Code Civ. Proc., sec. 580), and "a default admits the material allegations of the complaint, and no more." (*Ellis* v. *Rademacher,* 125 Cal. 556, [58 Pac. 178]; *Balfour etc. Inv. Co.* v. *Sawday,* 133 Cal. 228, [65 Pac. 400].)

It is urged by appellant that the complaint contains no allegation which justifies the following—appearing as a portion of the interlocutory judgment: "That the sheriff of said county of Imperial, state of California, is hereby appointed to take possession of all said property belonging to said copartnership," etc. We think this was not in excess of the relief demanded. In other words, the language just quoted simply specifies one of the steps in a series to be taken by the said sheriff in carrying out the terms of the judgment and decree. It is true that in a "matter of purely special or exceptional recovery, the defendant is entitled to look solely to the prayer in determining whether he will defend against the relief sought in the action," and that "if such special relief is not therein specifically demanded, it is to be deemed waived." (*Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073].) But the present is, we think, not such a case.

The difficulty with which we are here confronted is not as just indicated, but is centered around the query as to whether on the consideration of this appeal from the interlocutory judgment we can take cognizance of the statement referred to. If we can do so legally, then the contention of appellant may be sustained. Concededly, so far as this first appeal is concerned, it is one on the judgment-roll alone. There are no findings. We have wholly failed to find anything "on the face of the record," or contained within the judgment-roll, that justifies the assertion that the judgment was based on the said statement. [4] This court cannot take notice of alleged facts which rest solely upon the mere assertion of counsel in their brief, even although where, as in this case, such counsel has the confidence of the court. (*Horton* v. *City of Los Angeles,* 119 Cal. 602, [51 Pac. 956]; *Dore* v. *Southern Pacific Co.,* 163 Cal. 182, [124 Pac. 817].) The record is entirely silent as to what evidence was introduced or considered at this hearing. This so-called "statement" is not authenticated in any bill of exceptions as such evidence. [5] This court, for the present, is mightily concerned, in passing upon the question, with what transpired at the trial; what evidence was there and then introduced, and what portion thereof the court accepted as true; but there is absolutely nothing legally before us that can be considered which will help in arriving at a conclusion as to whether or not the evidence offered was sufficient or insufficient to support the

judgment. This being true, we are bound to presume that the evidence offered, whatever it was, was sufficient for such purpose. The following cases, out of a multitude that might be cited, will, we think, support our conclusion: *Crane* v. *Brannan*, 3 Cal. 192; *Siebe* v. *Joshua etc. Machine Works*, 86 Cal. 390, [25 Pac. 14]; *Hyde* v. *Boyle*, 89 Cal. 590, [26 Pac. 1092]; *Johnston* v. *Callahan*, 146 Cal. 212, [79 Pac. 870]. It follows, therefore, that the said "statement" cannot be considered on this phase of the case, and that the so-called "interlocutory judgment" must be affirmed.

Now, as to the *second appeal*—the appeal from the order denying defendant's motion to set aside his default. At the outset we gather from defendant's bill of exceptions, as disclosed in the transcript, that in support of the motion were read plaintiff's complaint herein, the statement heretofore referred to as having been filed by plaintiff before the entry of the said interlocutory judgment, the affidavits of this defendant, John H. Foley, and H. C. Chase. In opposing said motion, plaintiff served upon defendant's attorneys, filed and introduced in evidence the affidavit of himself and one Noah Williams, traversing in detail every averment of plaintiff's said affidavits. **[6]** Thus, we see that a very sharp and decided conflict as to the questions presented was present. Under these conditions, we are powerless to interfere with the conclusion of the trial court herein. The rule is, as it has been so frequently stated, both by the supreme court as well as by this court, that "in the consideration of an appeal from an order made upon affidavits, etc., involving the decision of a question of fact, this court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be taken as established." (*Doak* v. *Bruson*, 152 Cal. 17, [91 Pac. 1001]; *Hyde* v. *Boyle*, 105 Cal. 102, [38 Pac. 643]; *Bernou* v. *Bernou*, 15 Cal. App. 341, [114 Pac. 1000].) Under these circumstances, it is immaterial whether or not there was an affidavit of merits which complied with the legal requirements.

**[7]** Appellant urges that a motion under section 473 of the Code of Civil Procedure to open a default and vacate an interlocutory judgment is addressed to the discretion of the court, and should be liberally exercised to promote justice

and prevent fraud. In this we agree. And the presumption is that, in the absence of satisfactory showing to the contrary, the lower court so exercised its discretion. In this case our attention has not been called to anything which would show an abuse of discretion by the trial court, and since, as before stated, the deciding of the motion was a matter otherwise purely within the discretion of that court, we are now impotent to disturb the conclusion reached.

[8] In the present case, defendant was served with summons and complaint, but paid no attention thereto. Hence, the contention cannot successfully be maintained, it would seem, that under these circumstances his default was because of inadvertence, mistake, surprise, or excusable neglect. Section 473, *supra*, reads: "The court may . . . relieve a party . . . from a judgment . . . taken against him through *his* mistake, inadvertence, surprise, or excusable neglect." Obviously, it does not say that such relief may be granted because of the *court's* inadvertence, mistake, surprise, or excusable neglect. In the present case it seems to us that the error, if any, was "judicial error," which would be remedied only by appeal from the judgment. (*Byrne* v. *Hoag,* 116 Cal. 1, [47 Pac. 775]; *Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891]; *Johnston* v. *Callahan, supra.*) [9] It may be observed, in passing, that a court has inherent power to set aside a judgment for fraud upon the court, and the right to so act or grant relief is not derived from section 473, *supra.* (*Stierlen* v. *Stierlen,* 18 Cal. App. 609, [124 Pac. 226].) However, a fraud that will render such relief available does not include a judgment irregularly obtained upon a fraudulent claim or by false testimony. (*Parsons* v. *Weis,* 144 Cal. 410, [77 Pac. 1007].) Indeed, a judgment may be unjust, inequitable, and erroneous without being fraudulent or subject to be set aside by a court of equity. (*Davis* v. *Chalfant,* 81 Cal. 627, [22 Pac. 972].) By the order appealed from, the court, among other things, found "that there was no inadvertence of the court in entering judgment, adjudging that the plaintiff had contributed to the copartnership of Williams & Reed the sum of $18,250.30 in excess of the amount contributed to said copartnership by the defendant. That there was no excusable neglect of the defendant in failing to answer said complaint. That there was no fraud of plaintiff in representing to the court that

he had contributed the sum of $18,250.30 to the copartnership in excess of the amount contributed to said copartnership by the defendant.''

For these reasons, therefore, it follows that the order denying defendant's motion to open the default and set aside the interlocutory judgment must be, and it is, affirmed.

This brings us to the consideration of the *third appeal*—the appeal from the order confirming the sale. Appellant urges five reasons for the reversal of this order, viz.: (1) Insufficiency of the notice of sale; (2) gross inadequacy of price; (3) the sale was without right of redemption; (4) because the shares of water stock were sold as personalty, separate and apart from the land, and the real estate was sold separate and apart from the water stock, which was appurtenant thereto; and (5) because the sale imposes upon appellant a gross injustice. These points were urged in the court below as objections to the confirmation of the sale.

Here again we are confronted with a condition almost exactly like the one we have just discussed in connection with the second appeal—that of the matter being presented by both sides on affidavits and other evidence. The evidence being in sharp conflict, and the court having decided that question, we are bound thereby, unless, of course, the evidence before us on its face discloses its insufficiency to support the court's conclusion therein. Appellant urges in his closing brief that, because all these appeals are in the same transcript and the record presents the entire transaction by means of which the respondent seeks to reap an unfair advantage, this court should consider all of the steps taken to accomplish this result, as the transcript presents it, rather than consider each appeal separately without any relation to the others; but our attention is not called to any rule of procedure, or to any law—and this court knows of none—which would authorize it to comply with this suggestion. It may be suggested here, too, that we have looked—and in vain—for something that would authorize us so to do. With the exception of the one question of the insufficiency of the evidence, just suggested in connection with the third appeal, our discussion of the points involved on the second appeal apply here.

[10] Of the five points urged for a reversal of the order appealed from, we are of the opinion that only one need be

considered, viz., the first—which relates to the insufficiency of the notice of sale given by the sheriff. Section 692 of the Code of Civil Procedure provides how notice of such sale should be given, while section 693 of the same code specifies the penalty which attaches to an officer selling without giving the notice as prescribed. In neither of these sections is there anything that requires the court, or any judge thereof, to direct the giving of the notice. For this reason we think that portion of the interlocutory judgment which directed the sheriff how and when to give the notice referred to unnecessary, and that it therefore may be treated as surplusage. The judgment is full, complete, and enforceable without such provision. Indeed, these two sections, taken together, "enjoin upon the sheriff both the duty and the responsibility of posting and publishing notices of sale as prescribed, which injunction necessarily implies the duty and the responsibility of selecting the place where notices are to be posted and the newspapers in which they are to be published, since they are not specified." (*Northern C. I. Trust Co.* v. *Cadman,* 101 Cal. 200, [35 Pac. 557].) It would seem that "the penalty and responsibility of the sheriff are inconsistent with the right or authority of anyone else to dictate places or papers in which notices are to be published, and consistent only with his duty and power to select the place and newspaper in which to publish required notices." (*Northern C. I. Trust Co.* v. *Cadman, supra.*) "Questions appertaining to the notice, as well as all others which merely relate to irregularities, are between the officer selling and the parties to the execution." (*Kelley* v. *Desmond,* 63 Cal. 517.) Therefore, the portion directing the manner of posting and the places where the notice of sale was to be posted and published may be disregarded. "Neglect of officer making the sale to give notice required by law does not affect the validity of the sale, but the party aggrieved has his remedy against the officer for any injury sustained by reason of such neglect." (*Smith* v. *Randall,* 6 Cal. 47, [65 Am. Dec. 475]; *Harvey* v. *Fisk,* 9 Cal. 94.)

[11] It would seem useless to discuss this phase of the question further, for under both of the sections mentioned, as we construe them, and the cases decided by our own supreme court, as we understand them, it has been repeatedly held that such a sale as the one under discussion was a valid

sale, even when the statute had not been complied with in any way—no notice of any kind having been given. Under these circumstances it becomes apparent that this court is without power or jurisdiction to set aside the order confirming the sale for this or any of the reasons urged as aforesaid.

It follows that the order of the trial court overruling the objections of defendant and confirming the sale must be, and it is, affirmed.

From all that has been said hereinbefore, we think it follows that the *fourth appeal*—the appeal from the final judgment—is not well taken, and that for each of the reasons advanced—while assuming, without so holding, that the judgment in this case is "unjust, inequitable, erroneous, or irregularly obtained by false testimony"—under the law, as we have shown above, we are powerless, in the face of the record before us, to do anything but affirm the judgment. The remedy under these circumstances is against the officer, unless, indeed, the defendant has slept upon his rights.

The judgment is affirmed.

Finlayson, P. J., and Sloane, J., concurred.