Filed 11/20/23  WVJP 2021-4 v. Hesser CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WVJP 2021-4, LP,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VINCENT W. HESSER,<br><br>    Defendant and<br>    Respondent. | B324453<br>(Los Angeles County<br> Super. Ct. No. BC434205) |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Verus Law Group, Holly Walker and Mark N. Strom, for Plaintiff and Appellant.

Dolkart Law and John E. Dolkart, Jr., for Defendant and Respondent.

_____

Plaintiff and appellant WVJP 2021-4, LP (WVJP) appeals from an order granting defendant and respondent Vincent W. Hesser's (Hesser) claims of exemption for investment and retirement accounts upon which WVJP levied. The trial court ruled that WVJP lost its right to object to the claims because it failed to file oppositions with the court within the statutorily required time. WVJP contends that, according to Code of Civil Procedure section 703.550,[1] the levying officer determines the court deadline for filing oppositions to claims of exemption, and WVJP maintains it filed its oppositions within the period specified by the levying officer. Alternatively, if the oppositions were untimely, WVJP seeks to reverse the court's order denying its motion for relief from the late filings under the discretionary provision of section 473, subdivision (b). WVJP argues the court's decision, which found unreasonable WVJP's counsel's reliance on statements by the levying officer's employees about the deadline, was an abuse of discretion. We disagree with each of appellant's contentions and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

SA Challenger, Inc. obtained a money judgment for breach of contract against Hesser in May 2012, which he did not pay. SA Challenger assigned the judgment to WVJP in January 2022,[2] and that same month, WVJP renewed the judgment. The Los Angeles County Superior Court then issued a writ of execution to

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] Unless noted otherwise, all dates refer to calendar year 2022.

2

the Los Angeles County Sheriff (the levying officer), directing the Sheriff to enforce the judgment in the amount of $8,298,463.36.

WVJP subsequently caused the Sheriff to levy on investment and retirement accounts held in Hesser's name at two financial institutions. On August 1, the Sheriff mailed WVJP notice that Hesser filed claims of exemption for these accounts. The notices were addressed to WVJP's counsel in Inglewood, California, and stated: "A Claim of Exemption has been filed in the above case. The property will be released to the extent it is claimed to be exempt unless you do all of the following within 15 days: [¶] 1. File with the court a Notice of Opposition to Claim of Exemption and a Notice of Motion for an order determining the Claim of Exemption. [¶] 2. File with the Sheriff's Office . . . a copy of the Notice of Opposition to Claim of Exemption and a copy of the Notice of Motion for an order determining the Claim of Exemption."

Upon receiving the notices of Hesser's claims of exemption, Natalie Garcia (Garcia), legal assistant for WVJP's counsel, contacted the Sheriff's Department and asked an employee when the last day would be for WVJP to file its oppositions. After looking up the case information in its system, the employee informed Garcia the Sheriff had calculated the deadline as August 26, which was "15 days from August 1, . . . plus the 10 days for mailing since [Hesser] doesn't reside in California." Between August 15 and 23, WVJP's counsel and Garcia contacted the Sheriff's Department a total of three times, and each time an employee confirmed the Sheriff had calculated the deadline as August 26.

On August 25, WVJP filed oppositions to Hesser's claims of exemption and notices of hearing with the trial court, and it

3

submitted copies of the oppositions to the Sheriff on August 26. On September 22, Garcia spoke with a Sheriff's Department employee, who clarified that the person who reviewed Hesser's claims of exemption inputted August 26 as the deadline in the Sheriff's system, but it appeared to be a miscalculation. In light of that, the employee indicated the Sheriff's Department would treat the oppositions as timely pending the hearing on the claims.

In reply to WVJP's oppositions to his claims of exemption, Hesser argued that WVJP's oppositions were not filed with the court within the time mandated by section 703.550, subdivision (a). In response, WVJP filed a motion for relief under section 473, arguing that if the oppositions were untimely, good cause existed for the late filings based on Sheriff's Department employees telling WVJP's counsel the oppositions were due by August 26.

The trial court held a hearing on WVJP's motion for relief under section 473 and Hesser's claims of exemption. The court determined that WVJP's oppositions to the claims were filed and served outside the statutorily required time. Further, the court denied WVJP's motion for relief, finding WVJP's counsel's reliance on Sheriff's Department employees' "legal advice" was unreasonable. The court, thus, granted Hesser's claims of exemption. WVJP timely appealed the order.[3]

---

[3]     After filing the notice of appeal, WVJP filed a motion to stay the order granting Hesser's claims of exemption. The trial court granted the motion on March 3, 2023.

4

## A. Claims of Exemption

### 1. *Standard of Review and Principles of Statutory Construction*

Statutory construction is a question of law that is subject to de novo review. (*DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 378.) "'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose.'" (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381.) We start with the statutory language, as "'[t]he words of a statute are generally the most reliable indicator of legislative intent. [Citations.] We give the words of the statute their ordinary and usual meaning and view them in their statutory context. [Citation.] . . . "If the statute's text evinces an unmistakable plain meaning, we need go no further."' [Citation.]" "'"Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage."' [Citation.] Furthermore, 'we will not read a requirement into a statute that does not appear therein.' [Citation.]" (*DeNike*, *supra*, 76 Cal.App.5th at p. 384.)

### 2. *Section 703.550 Dictates the Deadline for Filing an Opposition to a Claim of Exemption*

WVJP argues the trial court erred in finding its oppositions to Hesser's claims of exemption untimely because section 703.550 gave the Sheriff's Department, as the levying officer, the duty and discretion to determine the time allowed for filing the oppositions in the trial court. We disagree.

Section 703.550 is unambiguous. Subdivision (a) of this section states: "*Within 15 days after service of the notice of claim*

5

*of exemption*, a judgment creditor who opposes the claim of exemption *shall* file with the court a notice of opposition to the claim of exemption and a notice of motion for an order determining the claim of exemption and shall file with the levying officer a copy of the notice of opposition and a copy of the notice of motion.  Upon the filing of the copies of the notice of opposition and notice of motion, the levying officer shall promptly file the claim of exemption with the court.  If copies of the notice of opposition and notice of motion are not filed with the levying officer within the time allowed, the levying officer *shall immediately* release the property to the extent it is claimed to be exempt." (Italics added.)  If the notice of claim of exemption is served by mail, the time to file a notice of opposition to the claim and notice of motion is extended:  "(1) Five days if the place of address is within the State of California.  (2) [10] days if the place of address is outside the State of California but within the United States.  (3) [20] days if the place of address is outside the United States." (§ 684.120, subd. (b); see Legis. Com. com., Deering's Ann. Code of Civ. Proc., § 703.550 (2023 ed.).)

Section 703.550 states that a notice of opposition to a claim of exemption "shall" be filed with the trial court within 15 days, which renders it "'presumptively mandatory.'" (*Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 87.)  Further, the statutory provisions governing enforcement of judgments are strictly construed because they are "'purely legislative creations.'" (*Landstar Global Logistics, Inc. v. Robinson & Robinson, Inc.* (2013) 216 Cal.App.4th 378, 390; see *Casa Eva I Homeowners Assn. v. Ani Construction & Tile, Inc.* (2005) 134 Cal.App.4th 771, 778 [judgment lien statutes are subject to strict construction].)

6

Moreover, "'[w]hen a statute directs things to be done by a private person within a specified time, and makes his rights dependent on proper performance, unless the failure to perform in time may injure the public or individuals, the statute is mandatory. Where an individual is the person not strictly complying, he has no grounds for complaint.'" (*Conservatorship of Kevin M.*, *supra*, 49 Cal.App.4th at p. 88) Additionally, an intent to impose a mandatory time requirement can be evinced by the imposition of a consequence for the failure to comply. (*Olive Lane Industrial Park, LLC v. County of San Diego* (2014) 227 Cal.App.4th 1480, 1492.) These principles indicate that the deadline contained in section 703.550 is mandatory. Subdivision (a) provides that a judgment creditor must file an opposition to a claim of exemption within a specified time, 15 days. The failure to timely file the opposition does not injure the public or others, and there is a prescribed consequence for the failure to comply: "the levying officer shall immediately release the property to the extent it is claimed to be exempt."

The policy behind exemption laws also supports the conclusion that the deadline set forth in section 703.550 is mandatory. "The exemption laws are designed to facilitate the debtor's financial rehabilitation and have the effect of shifting social welfare costs from the community to judgment creditors. [Citation.] Consequently, the exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor." (*Ford Motor Credit Co. v. Waters* (2008) 166 Cal.App.4th Supp. 1, 8.)

The case of *Westervelt v. Robertson* (1981) 122 Cal.App.3d Supp. 1 (*Westervelt*) is also helpful to our analysis. *Westervelt* construed the predecessor statute to section 706.105,

7

subdivision (d), concerning filing claims of exemption for earnings withholding orders. (*Id.* at pp. 8–10.) To contest a claim of exemption, a judgment creditor was required to file a notice of opposition and notice of motion within 10 days after the levying officer mailed the debtor's notice of claim of exemption. (*Id.* at pp. 8–9.) Because the judgment creditor's notices were untimely, the creditor waived the right to object to the relevant claim of exemption. (*Id.* at pp. 9–10.) According to the court, "[T]he statutory procedure mandates the levying officer to release the wages or other property of the debtor when there is an untimely filing of the notice of opposition to the claim of exemption and if there is an untimely filing of either the notice of opposition to the claim of exemption or the notice of hearing, there can be no claim of exemption hearing."[4] (*Id.* at p. 10, fn. omitted.)

Section 703.550 specifies how and when a judgment creditor may challenge a claim of exemption. Rules of statutory construction, public policy, and case law support reading its deadline for filing a notice of opposition to a claim of exemption as mandatory. In this case, the levying officer mailed the notices of claims of exemption, with the place of mailing in California, on August 1. Fifteen days with an additional five days for mailing was August 21, with the next court day being August 22. (§ 12a.)

---

[4]    WVJP cites sections 706.105, subdivision (d), and 720.160, subdivision (a), as purported examples of the Sheriff having discretion to determine statutory deadlines. However, neither of these statutes indicates a levying officer has discretion to disregard the statutorily imposed deadlines articulated in each, nor does WVJP cite any authority supporting such an interpretation. Indeed, *Westervelt* is clear that a judgment creditor waives the right to oppose a claim of exemption if the creditor does not file an opposition within the statutory period.

As WVJP did not file its notices of motion and oppositions to Hesser's claims until after this date, the trial court could not hold a hearing on Hesser's claims of exemption.  (See §§ 703.570, subd. (a) and 703.580; see also *Epstein v. Abrams* (1997) 57 Cal.App.4th 1159, 1167 [where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or be subject to certain limitations, an act beyond those limits is in excess of its jurisdiction and void].)

3. *The Levying Officer Does Not Act in a Judicial Capacity*

WVJP's contention that the levying officer's duty under section 703.550 "is in the nature of a judicial and not a ministerial act," and thus the officer has discretion to set a court deadline different than the one dictated by statute, is unpersuasive.  "A discretionary act is one which requires "'personal deliberation, decision and judgment'" while an act is said to be ministerial when it amounts 'only to an obedience to orders, or the performance of a duty in which the officer is left no choice of his own.'" (*Morgan v. County* of *Yuba* (1964) 230 Cal.App.2d 938, 942–943.)  Under section 703.550, the levying officer's duties were not discretionary.

Pursuant to the statute's plain language, the levying officer must immediately release the subject property if copies of the notices of opposition and motion are not filed within the time allowed under the statute.  (§ 703.550, subd. (a).)  There are no exceptions stated.  Section 703.550 does not indicate that the

9

levying officer has the discretion to set a court deadline for the filing of documents.[5]

Accepting WVJP's interpretation and allowing the Sheriff's Department to determine the court deadline for filing the oppositions would render the time provisions in sections 703.550, subdivision (a), and 684.120, subdivision (b), meaningless. Levying officers would be free to disregard the 15-day statutory time limit in favor of their own. (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274 ["Well-established canons of statutory construction preclude a construction which renders a part of a statute meaningless or inoperative"].)

Further, the cases on which WVJP relies in arguing that the levying officer's duty under section 703.550 is judicial and discretionary are distinguishable. They deal with different statutes and circumstances. (See e.g., *County of San Mateo v. Maloney* (1886) 71 Cal. 205 [under repealed statute, assessor's opinion that real property was insufficient to secure payment of taxes was not reviewable]; *Porter v. Haight* (1873) 45 Cal. 631 [relevant act gave Board of State Prison Directors discretion to terminate contract for prison labor]; *Northern Counties Inv. Trust v. Cadman* (1894) 101 Cal. 200, 204 [where relevant statute required publishing notice "*in some newspaper* published in the county" levying officer had responsibility of selecting newspaper].) Thus, WVJP provides no persuasive authority for the proposition that section 703.550 gives the levying officer

---

[5]     To be clear, the record does not show that the Sheriff's Department intended for its calculated deadline to be binding on the trial court. The record shows a Sheriff's Department employee believed the August 26 deadline had been miscalculated by another employee, suggesting the date was the result of a mistake, not an active policy or exercise of discretion by the Sheriff.

discretion to set deadlines for filing oppositions to claims of exemption with the trial court.

**B.     Motion for Relief Under Section 473**

We next address WVJP's argument that it was entitled to relief for the late filings under section 473.

1.      *Governing Law and Standard of Review*

We review an order denying relief under section 473, subdivision (b), for an abuse of discretion.  (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413 (*McClain*).)  "'"'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.'"'"  (*Id.* at pp. 413–414 ["Our review of the trial court's ruling is highly deferential"].)

"'[A] trial court order denying relief under section 473, subdivision (b) is '"scrutinized more carefully than an order permitting trial on the merits.'"  [Citation.]  "Because the law favors disposing of cases on their merits, 'any doubts in applying section 473' must be resolved in favor of the party seeking relief from default [citations]."  [Citation.]  [. . .] [T]hat said, "[a] motion to vacate a default and set aside judgment (§ 473) 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.'  [Citations.]  Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant.'"'"  (*McClain, supra,* 39 Cal.App.5th at p. 413.)

As relevant here, the discretionary relief provision of section 473, subdivision (b), states:  "The court may, upon any terms as may be just, relieve a party or his or her legal

11

representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." "''A party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable because the negligence of the attorney is imputed to his client and may not be offered by the latter as a basis for relief." [Citation.] In determining whether the attorney's mistake or inadvertence was excusable, "the court inquires whether 'a reasonably prudent person under the same or similar circumstances' might have made the same error.'" [Citation.]" (*McClain*, *supra*, 39 Cal.App.5th at p. 414, italics omitted, quoting *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) "''Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable.'''" (*McClain*, *supra*, 39 Cal.App.5th at p. 414.)

2.      *The Trial Court Did Not Abuse its Discretion*

WVJP contends the Sheriff's Department employees' statements about the due date for WVJP's oppositions resulted in its counsel's inadvertence and excusable neglect in making the late filings. We conclude the trial court did not abuse its discretion in denying the section 473 motion.

As a preliminary matter, while WVJP repeatedly asserts that it was reasonable for its counsel to follow the Sheriff's "instructions," the record does not show that the Sheriff's Department *instructed* WVJP's counsel when to file notices of opposition with the trial court or prevented WVJP from filing its

12

oppositions before August 26.  Rather, when asked, the Sheriff's Department provided the deadline that it had calculated for the oppositions.

Moreover, WVJP asserts that its reliance on Sheriff's Department employees was "simply not inexcusable neglect" but offers no rationale for why its reliance was reasonable.  WVJP does not dispute Hesser's contention that its counsel did not independently research the applicable statutes.  WVJP does not explain why it was reasonably prudent to refrain from looking at the statute that governs filing oppositions to claims of exemption in the trial court.  WVJP does not show that it ever calculated the deadline itself.  Accordingly, WVJP does not establish a right to relief under section 473, subdivision (b).  (*McClain*, *supra*, 39 Cal.App.5th at p. 414; see also *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 ["'The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded'"].)

Lastly, while WVJP cites to section 473, subdivision (d), and *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, in vaguely asserting courts can "exercise their equitable powers in considering applications for relief," WVJP fails to articulate how the trial court erred in denying its motion under these authorities.  There is no showing how section 473, subdivision (d), which concerns correction of clerical mistakes and setting aside void judgments or orders, applies here.  *Rappleyea* held that a trial court may vacate a default on equitable grounds in cases involving "extrinsic mistake" such as when "a mistake led a court to do what it never intended," but WVJP makes no effort to prove that the circumstances in this case constitute extrinsic mistake.

(*Id*. at pp. 981–982.)  We are not bound to develop appellants'
ambiguous arguments for them.  "The absence of cogent legal
argument or citation to authority allows this court to treat the
contentions as waived.  [Citations.]"  (*In re Marriage of Falcone &
Fyke* (2008) 164 Cal.App.4th 814, 830; *People v. Stanley* (1995) 10
Cal.4th 764, 793 [court may treat issue as waived where party
fails to provide a legal argument with citation of authorities].)

Based on the foregoing, WVJP does not show that the trial
court abused its discretion in determining that its counsel's
neglect was inexcusable.

## DISPOSITION

The order is affirmed.  Hesser is awarded costs on appeal.

MORI, J.

We concur:

CURREY, P. J.

COLLINS, J.

14